Wesley Ira Purkey #14679-045



Warden J. T. Watson

<u>Facts Underscoring Warden Watson & Cpt. Taylor's Tactic Policy which abuses of Execution Confinement Is Predicated On:</u>

As thoroughly documented in the past since being place on Execution Range/July 25th, 2019 that Warden Watson and Cpt. Taylor has established a tactic written policy mandating that inmates with execution dates be woken up every fifteen minutes to determine that they are still alive. Through several different written communciations, i.e. Cop Out(s) and email afforded to both Warden Watson and Cpt. Taylor since July 25th, 2019 I have addressed the ongoing, protracted and chronic problem of being denied sleep by both SCU Staff and Staff Assigned to the Execution Range; as well as different Lieutenant(s) making rounds on the Range which in the most part have not received responses. On Sept. 5th, 2019 during administrative rds on Execution Range Warden Watson had the exterior door of my box-car cell door(s) open, whereas he entered such exterior of my cell and asked me if I had any issues to be addressed. I immediately addressed both SCU Staff, as well as SCU Staff Assigned to Execution Range constantly waking me up by holding a five battery flashlight in my face when they made rounds which consisted of at minimum every fifteen minutes and/or rounds being made sometimes at brief intervals of "within minutes apart from rounds being made". Warden Watson in response unequivocally clarified that, "I do not have a problem with staff making sure that you are awake and alive every fifteen minutes or so – as long as they are not shaking the cell door's or making noise of one sort or another," he told me. When sought additonal clarification asking him, "so you mean that I am not entitled to sleep because I have an execution date and that you condone your staff needlessly waking me up despite my cell light being elft on so they have a vivid view of me lying in bed within this concrete cell," I asked him. "That is right,d as long as they are only waking you up with their flashlight – then they are inc ompliance with my policy," Warden Watson told me.

This same night C.O. Pruit made her initial rounds on the Range at approximately 11:35 p.m. shining her flshlight directly into my face and holding it there. She made around round at approximately 11:58 p.m. performing the very same tactic that she initially did waking me up yest agin. Within a few minutes another SCU Staff member made rounds on the range and with his flashlight illuminating my cell and pointed directly in my face he held it there for several seconds until confronted him with his malicious deliberate actions. Unable to see who it was because of the light directly being held in my face I asked him waht his name was, and he provided me with the typical adolescent response telling me that, "I will give you something with my name on it." Of course this is the typical juvenile threat of reprisal if an inamte seeks redress for such abusive actions by staff. Within seven (7) minutes of this incident occurring C.O. Pruitt was back making yet another round on the range performing her usual abuse of shining her flashlight directly into my face, illuminating the cell and making sure that I aŷ awake and alive. These abuses by C.O. Pruitt continued throughout the night, as they do everynight that she works on Execution Range.

On 9/06/19 at approximately 11:35 p.m. after Pruitt made her initial round ocddn the range another SCU Staff member came to my cell performing rounds and stood at my cell door for at least two to three minutes holding his flashlight directly in my face unitl I again confront him about his continuous abusive actions. When I asked C.O. Puritt later who take C.O. was holding his flashlight in my face for a protracted period – she advised me that, "last night that officer was 'Falk'. Whether this was the same staff member performing the same abusive actions on this date I have no way of knowing.

<u>Well Established Authority Demonstrating Violation Of Well Established Law/Sleep Deprivation:</u>

Sleep is critical to maintain physical and mental well being, and conditions that cause inamte(s) to suffer sleep deprivation are held to violate well established law. See Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013); see also Obama v. Butl, 477 Appx' 409, 411 (8th Cir. 2012). Inmates allegations of being contantly being subject to sleep deprivation by prison staff, causing them severe headackes, stress and anxiety was sufficient to state a cognizable Eighth Amendment Violation of law. See Melsy v. Schuetzle, 230 F.3d 1363, 1365, 2000 WL at *1 (8th Cir. 2000); see also Gates v. Cook, 376 F.3d 323, 340 (5th Cir. 2004); and also Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

The tactic policies created by both Warden Watson and Cpt. Taylor which has created the abuses causing me sever protracted, ongoing and chronic sleep deprivation, and the abuses at the hands of both SCU Staff and SCU Staff Assigned to Execution Range stands in acute violation of well established law, as described aherein.

cc: file