Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807

December 2nd., 2019

**FILED**

**10:18 am, Dec 09, 2019**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

RE: Consolidation/Purkey v. Barr, 2:19-cv-00517-JRS-DLP
    Capital Litigation with December 9th Execution date

Dear Ms. Briggs,

    Please find enclosed my motion for consolidation in Purkey v. Barr, as
cited above, whereas if the Court finds it necessary to re-characterize such
Motion then I full concede for it to do such. I have enclosed the original,
pl,ue and additional copy of such for filing with the Court.

    Thank you for your attention to such, whereas if addition documentation and/or
information is necessary for filing and processing please advise.

                              Sincerely,

                              *Dane L Lee*

                              Daniel Lewis Lee #21303-009
                              United States Penitentiary
                              P.O. Box 33
                              Terre Haute, IN 47808
                              Plaintiff/pro se

cc: file

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

DANIEL LEWIS LEE,

    Plaintiff,

vs.

                              Case No. _____

WILLIAM BARR, et al.,

                                  Capital Case

    Defendants.

## MOTION FOR CONSOLIDATION PURSUANT TO RULE 42;FED.R.CIV.P.

The Plaintiff, Daniel Lewis Lee, acting pro se herein and hereafter "Lee" does request the Court to consolidate his action presenting a Claim of the defendant(s) arbitrary selecting him for an execution of December 9th, 2019 on the date of July 25th, 2019. The facts that are relevant to Lee's claim of the arbitrary selection process by the defendants in violation of the Fifth Amendment equal protection under the law are set forth through Purkey v. Barr, 2:19-cv-00517-JRS-DLP Bivens Action pending before the Court awaiting issuance of summons and response by the defendants. Id. at Dkt. (6). In support of this request that the Court grant Lee consolidation of Purkey's case pending before the Court Lee offers the following:

The Facts Germane To Purkey's Claims Of Arbitrary Selection Are applicable to Lee As Well And Thereby Under Rule 42(a);Fed.R.Civ.P. The Court Should Consolidate The Two Actions:

1.    As with Purkey who was designated with a December 13th, 2019 execution date on July 25th, 2019 and was told by Warden Watson that, "he personally had no idea what the authority utilized by United Attorney Barr was in designating Lee with an execution date over those death row inmates who had fully exhausted their collateral appeals rights or those inmates who had exhausted their collateral appeal(s) after Lee had, because that was the solely the United States Attorney General who made that decision of what inmates would be designated execution dates." These facts are supported through Purkey's Complaint. See Id. ¶(s)(20)thr (27). A lsiting of such inmates who have fully exhausted there collateral appell- ate remedies before Lee, as well as those inmates who have exhausted their collat- eral appellate remedies after Lee is attached hereto and marked as Appendix (A).

2.    The defendants have clearly brought to bear that they did not rely on

1.

any authority when they selected and designated with for execution on December 9th, 2019. Whereas under well established prison officials are mandated to provide governing authority when it is applicable. McCarary-El v. Shaw, 992 F.2d 809, 812 (8th Cir. 1993). Here the defendants readily admit that they selected Lee for execution based solely on their "feelings" not under any governing criteria. As the Seventh Circuit Court of Appeals has readily clarified that, "[I]nmates retain the right to be free of arbitrary and usurp of authority. Leslie v. Doyle, 125 F.3d 1132, 1136 (7th cir. 1997). And that is exactly what occurred in the defendants selecting and designating Lee for an execution amongst the numerous other inamtes who exhausted their collateral appellate remedies before him, as well as those after him. United States Attorney Barr's selection of Lee for an exection and designating it for December 9th, 2019 was based solely on his personal feelings about Lee, and not on and governing authority to guide and limit his actions as required under well established law. McCarary-EL, 992 F.2d at 812; see also Caldwell v. Miller, 790 F.2d 589, 610 (7th Cir.1986). Here the defendants readil;ya dmit that they did not utilize and governing criteria in selecting Lee for ececution and made such decision on their personal feelings toward him in-lieu of the numerous other inmates who exhausted their appellate remedies years prior to him, as well as those who did so after him. Lee's selection for execution by the defendants was absolutely arbitrary and in violation of well established law under the fifth Amendment's equal protrection under the law rights.

Lee Has Satisfied  Rule 42(a) Requirements For Consolidation In The Purkey Litigation Pending Before The Court - Whereas Issues Of Commonality Exist

3.    Under rule 42(a);Fed.R.Civ.P. a Court may consolidate actions that have common questions of either law or fact, amd/or both. See  Connecticut General Life, Ins. Co. v. Sun Life Assur. Co. of Canada, 210 F.3d 771, 773 (7th Cir. 2000); see also Disher v. Citigroup Global Markets, Inc., 486 F.Supp.2d 790, 793 (S.D.Ill. 2007)(courts' can even consolidate cases over the objection of the parties involved.

4. Here Lee's claims of the defendants arbitrary selecting him for and de-signating him with an execution is unequivocally a common issue based on common facts as presented in Purkey's litigation pending before the court. Whereby' Lee has thoroughly satisfied Rule 42(a) requirements for the Court to consolidate these cases.

WHEREFORE' Lee request that the Court consolidate this action with Purkey's

2.

litigation pending before the Court regarding the two common claims that the 'defendants arbitrarily selected them for execution in violation of the Fifth Amendment's Equal Protrection Under the Law Clause'.

Dated: December 2nd., 2019

Respectfully Submitted,

Daniel Lewis Lee #21303-009
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/pro se

| | Name | Sentence Date | Status | Citation |
|---|---|---|---|---|
| | Johnson, Cory | 11/02/1993 | ▓▓▓ | |
| | Roane, James | 11/02/1993 | ▓▓▓ | |
| | Tipton, Richard | 11/02/1993 | ▓▓▓ | |
| | Hall, Orlando | 02/21/1996 | Pending (Third Motion to Vacate) | Hall v. US, 127 S.Ct. 2029 (2007) |
| | ~~Webster, Bruce~~ | 09/30/1996 | | |
| | Battle, Anthony | 03/20/1997 | ▓▓▓ | Battle v US, 127 S.Ct. 2030 (2007) |
| | Paul, Jeffrey | 06/25/1997 | ▓▓▓ | Paul v US, 130 S.Ct. 51, (2009) |
| | Barnette, Aquilia M. | 02/20/1998; 05/20/2010 | Pending Davis Review | Barnett v US, 546 U.S. 803(2005)(vacating conviction); Barnette v. US, 2016 WL 7175637 (Dec. 08, 2016)(2255 held in abeyance pending Davis Review) |
| 1 | Allen, Billie Jerome | 06/11/1998 | | Allen v. US, 138 S.Ct. 59 (2017) |
| 2 | Holder, Norris | 08/21/1998 | | Holder v. US, 136 S.Ct. 34 (2015) |
| | Bernard, Brandon | 06/16/2000 | Cert. Pending as of 11/05/2019 | Bernard v. US, 136 S.Ct. 892 (2016)(denial of COA). |
| | Vialva, Christopher | 06/16/2000 | Cert. Pending as of 10/30/2019 | Vialva v. US, 136 S.Ct. 1155 (2016)(denial of COA). |
| 3 | Higgs, Dustin John | 01/09/2001 | 05/29/2018 | US v. Higgs, 2016 WL 6879939 (D. Maryland 2016)(denial of COA). |
| 4 | Jackson, Richard Allen | 05/14/2001 | Successive Habeas Petition Denied 5/30/2019 | Jackson v. US, 2010 WL 2775402 (WD NC 2010)(denial of COA). |
| | Nelson, Keith | 03/12/2002 | Mandate from 8th – 03/18/2019; Petition for Cert Pending (19-5568) | Nelson v. US, 909 F.3d 964 (8th Cir. 2018). |
| 5 | Gabrion, Marvin | 03/16/2002 | Appeal pending in 6th Circuit (18-2382). | Gabrion v US, 2018 WL 4786310 (US District, WD Michigan Oct. 4, 2018)(denying 2255). |
| 6 | Lee, Daniel Lewis | 05/13/2002 | | Lee v US, 135 S.Ct. 72 (October 6,2014). |
| 7 | Robinson, Julius | 06/05/2002 | Successive Petition Denied 03/08/2019 | Robinson v. US, 2008 WL 4906272 (US Dist, ND Texas, Nov. 7, 2008)(no appeal). |
| 8 | Brown, Meier | 11/11/2003 | | Brown v. US, 135 S.Ct. 48 (Oct. 6, 2014). |
| 9 | Mitchell, Lezmond | 01/08/2004 | Stay in 9th Circuit; appeal pending 18-17031 | Mitchell v US, 137 S.Ct. 38 (Oct. 3, 2016). |
| 10 | Purkey, Wesley | 01/26/2004 | | Purkey v US, 135 S.Ct. 355 (Oct. 14, 2014). |
| 11 | LeCroy, Willliam | 03/11/2004 | | LeCroy v. US, 135 S.Ct. 1528 (March 9, 2015). |
| 12 | Bourgeois, Alfred | 03/25/2004 | | US v Bourgeois, 537 Fed.Appx 604 (Aug. 5, 2013)(denying COA). |
| 13 | Fields, Sherman | 04/12/2004 | Denied Cert. 135 S.Ct. 2803 (June 8, 2015). | US v Fields, 761 F.3d 443 (Sept. 2, 2014)(denied COA). |
| 14 | Agofsky, Shannon | 07/16/2004 | 10/11/2016 | Need Citation |
| | Fulks, Chadrick | 12/0/2004 | | Fulks v US, 134 S.Ct. 52 (Oct. 13, 2013). |
| | Corley, Odell | 12/22/2004 | | Corley v. US, 129 S.Ct 1000 (2009). |

Appx.(A)p.2 of 3

| 15 | Basham, Brandon | 02/16/2005 | | Basham v US, 136 S.Ct. 1449 (March 21, 2016). |
|---|---|---|---|---|
| 16 | Honken, Dustin | 10/11/2005 | Amended Judgment entered October 8, 2013 (2013 WL 9863521(US Dist., ND Iowa) | Honken v. US, 2013 WL 6499255 (Dec. 11, 2013)(denial of Rule 59(e)). |
| | Davis, Len | 10/27/2005 | Appeal pending in 5th Circuit (19-70010) | US v. Davis, 629 Fed.Appx. 613 (Oct. 28, 2015)(vacating district court's judgment and remanding for 2255 proceedings consistent with opinion). |
| | Fields, Edward | 11/08/2005 | Appeal Pending in 10th Circuit (17-7031). | Fields v. US, 2016 WL 7264579 (Dec. 15, 2016)(district court denial of 2255 and COA). |
| | Barrett, Kenneth | 12/19/2005 | Order denying Successive 2255 (Eastern District of Oklahoma 06/11/2019) | US v. Barrett, 797 F.3d 1207 (Aug. 19, 2015)(affirming denial of 2255 in part, remanding for evidentiary hearing regarding penalty phase IAC). |
| | Lighty, Kenneth | 03/10/2006 | Amended 2255 pending in district court (last docket entry approving schedule 10/29/2019). | US v Lighty, 2016 WL 8669911 (D.Md. August 12, 2016)(district court denial of post-conviction relief). |
| | Mikos, Ronald | 04/27/2006 | | Not Exhausted |
| | Lawrence, Daryl M. | 08/11/2006 | | Not Exhausted |
| | Bolden, Robert | 08/25/2006 | | Bolden v US, 171 F.Supp.3d 891 (Mar. 21, 2016)(order denying post conviction relief). |
| | Rodriguez, Jr. Alfonso | 09/22/2006 | | 2255 Pending in District of North Dakota; Last Docket entry of 10/28/2019 regarding deadlines prior to hearing. |
| | Kadamovas, Jurijus | 03/12/2007 | 10/07/2019 | Post-conviction counsel appointed on 08/22/2019 (Central District of California) |
| | Mikhel, Iouri | 03/12/2007 | Cert Petition Pending | Post-conviction counsel appointed on 07/18/2019 (Central District of California) |
| | Caro, Carlos | 03/30/2007 | | Caro v. US, 139 S.Ct. 2664 (June 3, 2019)(cert denied on 2255). |
| | Hager, Thomas M. | 11/01/2007 | | 2255 pending in Eastern District of Virginia; last docket entry 11/14/2019 regarding case status. |
| | Duncan, Joseph | 11/10/2008 | | Duncan v US, 2019 WL 6053010 (District of Idaho, Nov. 15, 2019)(denying 2255 and COA). |
| | Taylor, Rejon | 12/05/2008 | | Taylor v. US, 138 S.Ct. 1975 (2018)(direct appeal cert denied). |
| | Troya, Daniel | 05/14/2009 | | Movant's deadline extended to 07/18/2019 |
| | Sanchez, Jr. Ricardo | 05/14/2009 | | Movant's deadline extended to 07/18/2019 |
| | Ebron, Joseph | 05/18/2009 | | DC Stay Pending as of 10/30/2019 |
| | Runyon, David | 12/04/2009 | | Runyan v. US, 228 F.Supp.3d 569 (ED Va. Jan. 19, 2017)(denial of 2255 – cert. pending). |

Appx. (A)p. 3 of 3

| | | | | |
|---|---|---|---|---|
| | Garcia, Edgar Baltazar | 05/25/2010 | Appeal Pending in 5th Circuit 19-40416 | Baltazar Garcia v US, 2019 WL 1274653 (March 19, 2019)(denial of 2255) |
| | Snarr, Mark | 05/25/2010 | | Snarr v US, 2019 WL 4921485, (Oct. 7, 2019)(affirming denial of motion to recall direct appeal mandate). |
| | Umana, Alejandro | 07/27/2010 | | 2255 pending since filed in 2016 (WDNC) |
| | Aquart, Azibo | 12/18/2012 | | Death Sentence Reversed |
| | Savage, Kaboni | 06/07/2013 | | |
| | Torrez, Jorge | 05/30/2014 | | |
| | Coonce, Wesley | 07/18/2014 | | US v Coonce, 932 F.3d 623 (8th cir. 2019)(denying direct appeal). |
| | Hall, Charles Michael | 07/18/2014 | | |
| | Sanders, Thomas | 09/30/2014 | | |
| | Tsarnaev, Dzhokhar | 01/15/2016 | | |
| | Roof, Dylan | 01/23/2017 | | |
| | Sampson, Gary | 02/06/2017 | | |
| | Cramer, Christopher | 06/13/2018 | | |
| | Fackrell, Ricky | 06/13/2018 | | |
| | | | | |