UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. 2:19-cv-00517-JMS-DLP
                                       )
WILLIAM BARR, et al.                   )
                                       )
            Defendants.                )

**ENTRY REGARDING MOTION TO INTERVENE**

Plaintiff Wesley Purkey alleges that the defendants have selected him (as opposed to any other federal prisoner sentenced to death) for execution either arbitrarily or because of his race or his history of filing prisoner grievances and lawsuits. He is pursuing claims based on the First and Fifth Amendments, Title VII of the Civil rights Act of 1964, 42 U.S.C. § 1981, and the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Daniel Lee has also been selected for execution and asserts that he is entitled to the same relief Mr. Purkey seeks, and for the same reasons. He has filed a "motion for consolidation," dkt. 16, but it appears that he seeks permission to *intervene* in the action and join Mr. Purkey as a plaintiff pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

Mr. Purkey shall have **through January 17, 2020**, to respond to the motion and **show cause** why Mr. Lee should not be granted permission to intervene.

In responding, Mr. Purkey should consider that there are potential downsides for prisoners proceeding in joint litigation with other prisoners. *See Boriboune v. Berge*, 391 F.3d 852, 854–856 (7th Cir. 2004). It therefore suggested that district courts "alert prisoners" to these downsides "and give them an opportunity to drop out" of the action. *Id.* at 856.

The three primary downsides are the following. First, each plaintiff must be responsible for the full amount of his own filing fee. *See Boriboune*, 391 F.3d at 855 (clarifying that, when a prisoner brings a civil action, he must be responsible for the full amount of his own filing fee, "whether or not anyone else is a co-plaintiff"). Second, each plaintiff risks that any claim deemed sanctionable under Federal Rule of Civil Procedure 11 could lead to sanctions for each plaintiff. Third, each plaintiff incurs a "strike" under § 1915(g) if the action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This is significant because a prisoner who has accumulated three "strikes" has limited opportunities to proceed *in forma pauperis* in future civil cases.

If, having considered these risks, Mr. Lee no longer wishes to intervene in this action, he shall have **through January 17, 2020**, to withdraw his motion. The **clerk is directed** to update the docket to reflect that Mr. Lee is an interested party in the action.

**IT IS SO ORDERED.**

Date: 12/17/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I. PURKEY
14679-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Daniel Lewis Lee
21303-009
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808