UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-00517-JMS-DLP |
| | ) | |
| WILLIAM BARR, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**INDIVIDUAL CAPACITY DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Local Rule 7-1(c)(3), Defendants William Barr and Hugh Hurwitz, in their individual capacities, hereby submit this Opposition to Plaintiff Wesley Purkey's Motion for Default Judgement. In support of this Opposition, Defendants Barr and Hurwitz state as follows:

1.      Plaintiff Wesley Purkey is a federal inmate sentenced to receive the death penalty. Purkey was scheduled for execution on December 13, 2019. On October 28, 2019, Purkey filed a Complaint alleging that his execution date was scheduled ahead of other federal prisoners with death sentences because of Purkey's race and/or "jailhouse lawyering" activities. Purkey claims this violates his rights under the First and Fifth Amendments. Purkey's suit seeks compensatory damages, as well as equitable relief in the form of a declaratory judgment and an injunction requiring the production of information relied on in selecting him for execution.

2.      The named defendants in Purkey's Complaint are United States Attorney General William Barr and former Acting Director of the Federal Bureau of Prisons ("BOP") Hugh Hurwitz.[1] Barr and Hurwitz are named as defendants in their individual and official capacities.[2]

3.      Because Barr and Hurwitz are sued in both their individual and official capacities, process must be served on Barr and Hurwitz in both their individual *and* official capacities. Fed. R. Civ. Pro. 4(i)(3) ("To serve a United States officer of employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."). *See also Robinson v. Turner*, 15 F.3d 82, 85 (7th Cir. 1994) (citing *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir.1980)).

4.      In a Screening Order dated November 12, 2019, the Court directed that the United States Marshal's Service serve the summons, complaint, and the November 12 Order on Defendants Barr and Hurwitz pursuant to Federal Rule of Civil Procedure 4(i)(2). *See* Dkt. No. 6 at 4. Rule 4(i)(2) governs service of an officer or employee of the United States sued in an official capacity. Service for an official capacity claim requires that

> a party [ ] serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the [ ] officer, or employee.

---

[1] Purkey's Complaint also includes claims against two other Federal Bureau of Prisons officials, Warden J.T. Watson and Captain Taylor. The Court has severed the claims against Watson and Taylor and directed that they proceed in a separate action. *See* Dkt. No. 6.

[2] A suit against a government officer or employee in his or her official capacity is actually a suit against the employing government entity. *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985); *see Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity.") (citing *Graham*, 473 U.S. at 166). Therefore, the claims asserted against Defendants Barr and Hurwitz in their official capacities are actually claims against the United States.

Service on the United States requires that a copy of the summons and complaint be delivered to the United States Attorney for the district where the action is brought and sent by registered or certified mail to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).

5.      The Receipt and Return forms filed in this matter appear to indicate that service for the official capacity claims has been accomplished:

a.  On or about December 19, 2019, process was served on the offices of the United States Attorney for the Southern District of Indiana. *See* Dkt. No. 18; Fed. R. Civ. P. 4(i)(1).

b.  On or about November 19, 2019, process was served on the United States Attorney General at the Department of Justice in Washington, D.C. *See* Dkt. No. 14; Fed. R. Civ. P. 4(i)(1).

c.  On or about November 19, 2019, process was served on "United States Attorney General, Attn: William Barr," at the Department of Justice in Washington, D.C. *See* Dkt. No. 13; Fed. R. Civ. P. 4(i)(2).

d.  On or about December 26, 2019, process was served on Hugh Hurwitz at the Federal Bureau of Prisons offices in Washington, D.C. *See* Dkt. No. 19; Fed. R. Civ. P. 4(i)(2).

6.      However, it is well established that "[s]ervice upon an employee in his official capacity does not amount to service in his individual capacity." *Micklus*, 632 F.2d at 240. To serve an officer or employee sued in an individual capacity,

a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). Under Rule 4(e), service on the officer or employee requires delivering a copy of the summons and complaint to the individual personally, to a suitable person at the individual's dwelling or place of abode, or to an agent authorized by appointment of law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C).

7.      Service for the individual-capacity claims has not been accomplished because, to date, the summons and complaint in this matter have not been served in accordance with Rule

3

4(e). Even if the process followed for the documents served on the Department of Justice and the Federal Bureau of Prisons could be characterized as an attempt at individual capacity service, the persons who signed the return receipts for the documents were not authorized to accept service of process for Defendant Barr or Defendant Hurwitz in their individual capacities.

8.    The failure to serve Defendants Barr and Hurwitz in their individual capacities means that Purkey is not entitled to any default judgment against either defendant. Federal Rule of Civil Procedure 12(a)(3) provides that

> a United States officer or employee sued in an individual capacity . . . must serve an answer to a complaint . . . within 60 days after service on the officer or employee *or* service on the United States attorney, *whichever is later*.

Fed. R. Civ. P. 12(a)(3) (emphasis added). The 60-day period for a response to the Complaint has not begun to run for either Defendant Barr or Defendant Hurwitz because neither has been served with process in an individual capacity. Neither Defendant Barr nor Defendant Hurwitz has failed to respond to the Complaint in a timely manner because there is no obligation for either defendant to respond in an individual capacity until he has been served in an individual capacity.[3]

9.    Finally, in order to facilitate the just, timely, and efficient adjudication of this matter, undersigned counsel, who represents Defendants Barr and Hurwitz in their individual capacities, can provide the Clerk's Office and/or the United States Marshals Service with the

---

[3] Even if official-capacity service satisfied the requirement for individual-capacity service here—which it did not—Purkey's motion would still fail because Defendant Barr's response would be due 60 days after December 19, 2019—the date the United States Attorney was served—and Defendant Hurwitz's response would be due 60 days after December 26, 2019—the date the Bureau of Prisons was served. *See* Fed. R. Civ. P. 12(a)(3).

4

names of agents authorized by Defendant Barr and Defendant Hurwitz to accept individual capacity service of process on their behalf.

WHEREFORE, Defendants Barr and Hurwitz respectfully request that Plaintiff's motion for default judgment be denied.

Dated: January 24, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO
Acting Director, Torts Branch

ANDREA W. MCCARTHY
Senior Trial Counsel

/s/*Glenn S. Greene*
GLENN S. GREENE
(New York State Bar No. 2674448)
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4143
Fax: (202) 616-4314
Email: Glenn.Greene@usdoj.gov

Attorneys for Defendants Barr and Hurwitz in their individual capacities

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon the Plaintiff herein by electronically filing and mailing a copy thereof to the following on the 24th day of January, 2020:

Wesley Purkey
Inmate #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana 47808

_s/ Glenn S. Greene_
Glenn S. Greene
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort
Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
