UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

    Plaintiff,

vs.                                    Case #2:19-cv-00517-JMS-DLP

WILLIAM BARR, et al.,

    Defendants.

FILED

MAR 1 6 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

---

### MOTION FOR AN EXTENSION OF TIME TO GIVE RESPONSE
### TO GIVE RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b), the Plaintiff Wesley I. Purkey (hereafter either "Purkey or Plaintiff") does request an extension of thirty (30) days to give response to the defendants Motion purported file under Rule 12(b)(6) to Dismiss Plaintiff's Complaint/Official Capacity of the Defendants. In support thereof Purkey states the following:

1.    Purkey received the defendants Motion To Dismiss Plaintiff's Complaint/Official Capacity on the evening of February 27th, 2020 via regular Institution Mail.

2. Purkey prosecuting the immediate litigation under pro se status and based on his given death row confinement in the Special Confinement Segregation Unit he have extreme limited access to the Unit's law library. Whereas' here in the pending litigation the defendant(s) have multiple attorneys' representing them in preparing multiple Motions To Dismiss Purkey's Bivens Action seeking redress and remedy for the Defendants 'Arbitrary Selection of Designating Him With an Execution Date', which by the way the defendants do not deny but in-lieu of request that the Court dismiss the action via other legal issues collateral to the primary constitutional claim presented.

3.    Purkey has requested the Court to appoint counsel to represent him in the immediate complex litigation for preparing adequate and meaningful responses to the defendants forseeable despositive pleadings, Dkt 3, as well as a Motion In Support of such request for appointment of counsel, Dkt. 36, but the Court has yet to rule on such request for appointment of counsel. As Purkey's motion

in support for appointment of counsel brought to bear that he was diagnosed in October, 2016 suffering beginning stages of a dementia, i.e. Alzheimer's disease by Dr. Robert H. Ouaou/Neuropsychologist/Neuropsych@me.com., whereas Purkey has and continues to severe cognitation problems, forgetfulness and agitation, as well as fatigue and rapid aging which Dr. Ouaou clarified through observation and testing in October, 2016 and since. If the Court needs to verify such diagnosis by Dr. Ouaos such Neuropsychological Assessment will be provided upon the Court's mandate in review anent Purkey's request for appointment for counsel.

4. Further' Purkey contest the Court allowing the defendants to file despositive motion(s) in this litigation prior to serving Purkey with mandated 'Answer(s)' to the complaint. See Warzon v. Drew, 60 F.3d 1234 (7th Cir. 1995)("[A] Rule 12(c) motion to dismiss is premature if made before an answer is file.") see also Seber v. Unger, 881 F.Supp. 323, 325 (N.D.Ill. 1995).

5. Contrary to the defendants multiple depositive motion(s) to dismiss Purkey's Bivens Action for failure to state a claim which relief can be granted upon, whereas under the applicable Rule 12(b)(6); Fed.R.Civ.P. that such a test to be taken under Purkey's complaint is whether or not it satisfies federal standards under Rule 8 and Rule 9. Heffernan v. Bass, 467 F.3d 596, 599 (7th Cir. 2006); see also Christensen v. County of Boone, Il., 483 F.3d 454, 458 (7th Cir. 2007). The Court performing the mandated Rule 8(a) review of Purkey's complaint found that it satisfied such pleading requirements, as well as diversity of sjurisdiction between Purkey and the defendants. Whereas' if the Court had found that it did not have jurisdiction under the applicable statutory provision then it had the discretion to transfer such case to the appropriate Court of lawful jurisdiction. Purkey's complaint clearly stated a prima facie case against the defendants for violation of Purkey's constitutional rights of equal protection under the law as protected under dictates of the Fifth Amendment. Thereby' the Court should dismiss the defendants multiple depositive motion and order that they serve Purkey with an answer to the complaint as originally ordered by the Court.

6. Here the defendants depositive motion to dismiss Purkey's complaint for failure to state a claim was filed the 24th day of February, 2020, whereas under the governing rule of civil procedure Purkey has a 21 day period to file and serve a response. Rule B-7007-1/Motion Practice in Adversary Proceedings.

Thereby Purkey would of had until the 16th of March, 2020 to give and file his response. Here Purkey is requesting a 30 day period from March 16th to April 15th, 2020 to file and serve his response.

7.    The defendants will not be prejudiced in any way by the Court granting Purkey's request for a thirty (30) day extension of time for filing his response.

Based on the above reasons and considerations Purkey respectfully request that the Court grant his Motion for an extension of time Until April 15th, 2020 for filing his response.

March 9th, 2020                                                Respectfully Submitted,

                                                              Wesley I. Purkey #14679-045
                                                              United States Penitentiary
                                                              P.O. Box 33
                                                              Terre Haute, IN 47808
                                                              Plaintiff/pro se

## Certificate Of Service

The Undersigned does attest that he served a true and correct copy of the foregoing Motion requesting an extension of time to file his response on the defendants via U.S. Mail, first class postage attached on this 9th day of March, 2020 and properly addressed to:

Shelese Woods
10 W Market ST
Suite 2100
Indianapolis, IN 46204

                                                              Wesley I. Purkey/declarant

## Declaration of Mailing Under Penalty of Perjury

The undersigned does attest under pains of perjury and pursuant to 28 U.S.C. §1746 that he did mail the foregoing on this 9th day of March 2020 to:

Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807

                                                              Wesley I. Purkey/declarant

3.