IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

**FILED**

JUL -2 2020

U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

WESLEY I. PURKEY,

    Plaintiff,

vs.                                         Case No. #2:19-cv-00517-JMS-DLP

WILLIAM BARR, et al.,

    Defendants.

---

## MOTION FOR A PRELIMINARY INJUNCTION BARRING THE EXECUTION
## OF THE PLAINTIFF WESLEY I. PURKEY

The Plaintiff Wesley I. Purkey, acting pro se in this matter requesting a preliminary injunction (known hereafter "Purkey or Plaintiff") pursuant to Rule 65(a) Fed.R.Civ.P., so as to enjoin the defendants from carrying out the scheluded execution of Purkey on the 15th day of July, 2020, or at any other time until further notice of this Court. The plaintiff seeks a preliminary injunction pending resolve of his claims set forth through his Bivens Action pending before the Court, as identified through the Court's Entry Order, see Dkt. (1)/filed 11/12/19 or, at minimum, until the plaintiff via Court Appointed Counsel has had an opportunity to gather additional evidence through discovery proceedings in support of claims presented through Purkey's complaint substantiating his claims of arbitrary selection in designating him for execution based on reversed discrimination in violation of the Fifth Amendment's Equal Protection of Law Clause.

In his complaint, Purkey has alleged violation of his First and Fifth Amendment rights by the defendants in their deliberate arbitrary selecting him for an execution date on July 25th, 2019 for December 13th, 2019. They have now rescheluded Purkey for execution on July 15th, 2020, whereas the Court initially denied Purkey first Motion for an Injunction Barring his execution stating that, "[I]n the event the stay is vacated, Mr. Purkey may file a motion to enjoin his execution in a case where that relief would be related to the claims that are pending." Dkt. (12). Whereas here that criteria has been fully satisfied here

1.

as of June 12th, 2020 when such stay was vacated, and Purkey was designated on June 15th, 2020 for execution on July 15th, 2020. In compliance with the district court's mandate that Purkey can refile his request for a preliminary injunction to stay his execution if such stay is vacated where such relief would be related to related claims pending before the court. Dkt. (12) p.2. This filing satisfies such requisite set forth by the court. id. Here Purkey has demonstrated a strong likihood of success on the merits of his claims of denial of equal protrection under the law via the arbitrary designation of his execution by the defendants, whereas he is likely to uncover additional evidence in support of his claims through discovery. Yet' without the court granting his relief requested for a stay in his motion for a preliminary injunction he will suffer irreparable harm via his July 15th Execution.

### The District Court Should Grant A Preliminary Injunction For Purkey Whereas He Has Satisfied The Four Prong Test For Doing So

Courts consider and weigh four factors before granting and/or denying a preliminary injunction: 1) the threat of irreparable harm to the plaintiff if an injunction is not granted; 2) the likelihood that other interested parties will suffer substantial harm if the injunctive relief is granted; 3) the interest of the public; and 4) the likilihood of success by the plaintiff on the merits of the claims. Bourgeois v. Watson, 2020 U.S.Dist.LEXIS 40696 (S.D.Ind. March 10, 2020). Here Purkey claims that he will suffer irreparable harm absent a stay because he could be executed without the court ever deciding the claims presented through his Bivens Action pending before the court. Citing Williams v. Chrans, 50 F.3d 1358, 1360 (7th Cir. 1995) the district held in Bourgeois that, "[T]here can be no doubt that a defendant facing the death penalty at the hands of the state faces irreparable injury." id. p. 202 U.S.Dist.LEXIS 14.

### The Issuance of a Stay Will Not Substantially Injure Respondents and The Public Interest Favors Ensuring That Purkey's Execution Is Lawful

As the respondents/government argued in Bourgeois request for a preliminary injunction staying his execution that such would undermine its strong interest in enforcing the judgment and that it is in the public interest to allow such execution to proceed. id. As the court readily noted and agreed that such arguments are undermined by the very fact that the government has delayed setting any executions for fifteen years, thus it cannot argue now that additional delay will harm its interest. Filing No. 3 at 11; id. And here the government's 'interest in proceeding

2.

with its judgment' against Purkey is significantly undermined by its own delay in setting Purkey's execution.

In 2005 the Court of Appeals for the Eighth Circuit affirmed Purkey's conviction and sentence. U.S. v. Purkey, 428 F.3d 738 (8th Cir.2005). The Eighth Circuit Court of Appeals then denied Purkey's §2255 Petition in 2013. Purkey v. U.S., 729 F.3d 860 (8th Cir.2013). Thereafter, the United States Supreme Court denied Purkey's petition for certiorari review of his §2255 petition. Purkey v. U.S., 574 U.S. 933 (2014). If the United States interest was as strong as they claim for carrying out the judgment order against Purkey, they would not of waited over five years to schelude Purkey with an execution date. And' as the court readily noted in Bourgeois's case granting his preliminary injunction that, "[U]nited States' own delay in setting Mr. Bourgeois's execution shows that its interest in enforcing its judgment is not as strong as it suggest." id. p. 2 U.S.Dist.LEXIS 14. The same holds true in Purkey's case as well, whereas the United States own delay in setting Purkey's execution shows that its interest in enforcing its judgment is not as strong as it suggest. Whereas' Purkey has satisfied the initial three prongs of the four prong test for the court to grant his motion for a prelimianry injunction.

Purkey Has Made A Strong Showing That He Will Succeed On The Merit Of His Claims

Purkey's complaint readily brought to bear his claims of equal protection violations under the Fifth Amendment, as well as violations of Title VII of the Civil Rights Act of 1963 regarding the defendants engaging in 'reverse discrimination'. Dkt. (1) ¶(s) 24 & 26. Here through discovery Purkey will bring to bear the arbitrary selection process ~~utilized~~ by the defendants utilized in designating him with an execution date prior to the dozen or more other inmates similiarly situated based on 'reverse discrimination' and a mutual aggravating factor underscoring such arbitrary selection based on his jailhouse lawyering. id. Here the record after discovery is allowed will show that all inmates up until Purkey was designated with an execution date were designated for such in proximity of availing themseles of their §2255 remedies. See Appx. (A)/hereto attached. The initial three individuals who were designated with execution dates was done within proximity to each of them fully satisfying their §2255 remedies. Whereas' the following five individual to be designated with execution dates was done within proximity of them exhausting their §2255 remedies as well. See Roane v. Holder, 607 F.Supp.2d 216, 219 (D.D.C. 2009). Here the record clearly demonstrates that the defendants selected Purkey for execution designation despite over a dozen or more similiarly situated inmates who

3.

had availed themselves of all §2255 remedies prior to him. This included the last six individuals who had fully exhausted their post conviction remedies under §2255 proceedings over a decade prior to Purkey, whereas each of these individuals were black, whereas one of their main claims in their appellate remedies was the inherit racism permeating the Federal Death Penalty itself. This date, the defendants in effort to undercut any similiar claims of racism has selected only white inmates for designating execution date. See Rescheluding of Execution dates, June 16th, 2020.

The law is clear that such reverse discrimination in designating Purkey with an execution date stands in stark violation of the Fifth Amendment's Equal Protection Clause. May v. Sheahan, 226 F.3d 876, 882 (7th Cir.2000). In the prison context, the Equal Protection Clause, requires inmates to be treated equally, unless unequal treatment bears a rational relationship to a legitimate penal interest. Williams v. Lane, 851 F.2d 867, 881 (7th Cir.1986). Here the defendants have not come forward with any legitimate reason for the gross disparate treatment, other than spuriously claiming that they have unfettered discrimination to select whatever inmates that they want as long as such inmate has availed themselves of such §2255 appellate remedies. Futher' the selection process was driven by racial consideration, as delineated and clarified through Purkey's complaint, and which will be furtherly supported through discovery. The law brings to bear that such disparate treatment based on racial consideration are constitutionally prohibited. See DeWart v. Carter, 224 F.3d 607, 618 (7th Cir.2000). A plaintiff asserting an equal protection violation must establish that a state actor has treated him differently than persons of a different race and that the state actor did so purposely. See Washinton v. Davis, 426 U.S. 229, 239-42, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); Indianapolis Minority Contractors Ass'n, Inc., 187 F.3d 743, 752 (7th Cir.1999).

Although Purkey's complaint is less than pellucid, it certainly alleged with supporting facts that he has been discriminate against based on race, as well as the defendants ossify animus against his jailhouse lawyering, and nothing in the complaint negates the possibility that he can establish an equal protection violation if allowed discovery proceedings to take place. Thereby' Purkey has made a strong showing that he will succeed on the merits of his equal protection claims, whereas the public interest favors ensuring that he is not unlawfully executed and the court should grant his motion for a preliminary injunction staying his July 15th, 2020 execution.

June 29th, 2020

Respectfully Submitted,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plainiff / pro se

## Certificate   Of   Service

The undersigned does attest that he dis serve a true and correct copy of the foregoing Motion for a Preliminary Injunction on the defendants on this 29th day of June, 2020 via U.S. Mail with sufficient first class postage attached to:

Shelese Woods
10 W Market ST
Suite 2100
Indianapolis, IN 46204

Wesley I. Purkey / declarant

5.