UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY I. PURKEY,        ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Case No. 2:19-cv-00517-JMS-DLP |
| ) | |
| WILLIAM BARR, *et al.*      ) | |
| ) | |
| Defendants,      ) | |
| ) | |

**RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

The Plaintiff, Wesley Purkey, has filed a motion for preliminary injunction in this civil case seeking to stay his execution. For the reasons set forth below, the Court must deny his motion.

Purkey was sentenced to death by the United States District Court for the Western District of Missouri. Purkey was initially scheduled for execution in late 2019, but the execution was stayed by the U.S. District Court for the District of Columbia in separate litigation. The U.S. Court of Appeals for the D.C. Circuit subsequently vacated the stay and the Supreme Court has denied review. Purkey's execution has now been rescheduled for July 15, 2020.

Purkey claims in this lawsuit that the decision to schedule his execution violated the Fifth Amendment and Title VII of the Civil Rights Act of 1964 because the decision was "arbitrary." Purkey has sued the United States Attorney General William Barr and the Director of the Federal Bureau of Prisons ("BOP") in their official capacities. Purkey's official capacity suit seeks equitable relief in the form of a declaratory judgment that the decision to schedule his execution violated the Constitution. He also seeks in his Complaint an injunction "ordering that the defendants provide 'all []records, documents, policies and/or other materials that they utilized in

1

selecting Purkey for Execution . . . .'" (Dkt. 1 at 12.)

Although he denied in his original Complaint that he was trying to stop his execution, Purkey has now filed a motion for preliminary injunction seeking to do just that. Purkey should not be opermitted, however, challenge the decision to schedule his execution through this civil lawsuit. Purkey's request to stay his execution is advancing in a separate 28 U.S.C. § 2241 proceeding, through which he has received and continues to receive the opportunity to litigate due process claims related to his conviction and death sentence. *See Purkey v. United States*, Case No. 2:19-cv-00414-JPH-DLP (ECF Nos. 76, 77) (Order denying Petition for Writ of Habeas Corpus; Final Judgment); *Purkey v. United States*, Case No. 19-3318 (7th Cir. 2019)(Order staying execution; request for further review pending).

Moreover, Purkey is not likely to succeed on the merits of his claims in this lawsuit because he has not alleged a viable claim under either the Fifth Amendment or Title VII of the Civil Rights Act. Based on the foregoing, the Court must deny Purkey's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, the Department of Justice announced that it was resuming capital punishment after a nearly two-decade lapse. *See* Press Release 19-807, Office of the Attorney General, U.S. Department of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019) ("OAG Press Release 19-807") (available at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse). Attorney General Barr directed the Federal Bureau of Prisons to adopt an addendum to the Federal Bureau of Prisons' Execution Protocol and to schedule the executions of five death-row inmates convicted of murdering children. *Id*.

Wesley Purkey was convicted in Missouri of kidnapping, raping, and murdering a sixteen-year-old girl. *United States v. Purkey*, 428 F.3d 738, 744-45 (8th Cir. 2005). A jury

unanimously concluded that the aggravating factors associated with Purkey's crimes outweighed the mitigating factors, and determined that Purkey should be sentenced to death. *Purkey v. United States*, No. 01-00308-01-CR-W-FJG, 2009 WL 3160774, at *1 (W.D. Mo. Sept. 29, 2009). On January 23, 2004, a federal district court issued a judgment imposing the death penalty on Purkey. *Id.*

Accordingly, pursuant to the Attorney General's direction, Purkey was one of the five inmates whose executions were to be scheduled. *Id.* Then Acting BOP Director Hurwitz adopted the addendum and scheduled the executions. *Id.* Purkey's execution was scheduled for December 13, 2019, but has now been scheduled for July 15, 2020. *Id.*

Purkey's conviction has been upheld on direct appeal and in post-conviction proceedings. The Eighth Circuit affirmed Purkey's conviction and death sentence, *see United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005); and rehearing as well as rehearing *en banc* were denied, *id.* The United States Supreme Court subsequently denied Purkey's petition for *certiorari. See Purkey v. United States*, 549 U.S. 975 (2006). Purkey was further denied post-conviction and habeas relief. *See Purkey v. United States*, 2009 WL 3160774, at *6 (rejecting petition for relief under 28 U.S.C. § 2255); *Purkey v. United States*, No. 06-8001-CV-W-FJG, 2009 WL 5176598, at *1 (W.D. Mo. Dec. 22, 2009) (same), *aff'd*, 729 F.3d 860 (8th Cir. 2013), *cert. denied*, 574 U.S. 933 (2014).

Purkey was most recently denied relief by this Court. *See Purkey v. United States*, No. 2:19-cv-00414-JPH-DLP, 2019 WL 6170069, at *12 (S.D. Ind. Nov. 20, 2019) (rejecting petition for relief under 28 U.S.C. § 2241). Specifically, the Court found that "The only way a federal prisoner may pursue postconviction relief in a separate civil action is under 28 U.S.C. §§ 2255 and 2241." *Id.* at 8. The Court further determined that Purkey cannot now raise his claims

3

under Section 2241, nor was there a structural problem with the application of Section 2255 in his criminal case. *Id.* at 27-28. The Court therefore denied his petition, and denied his motion to stay his execution as moot.

Purkey appealed this decision and oral argument was heard. *Purkey v. United States*, Case No. 19-3318 (7th Cir.). The Seventh Circuit has issued a stay of execution, and on or about July 5, 2020, the United States filed an emergency petition for panel reconsideration and for reconsideration *en banc* of the stay of execution. That motion remains pending.

Purkey is also a plaintiff in two additional pending civil lawsuits

In *In re Fed. Bureau of Prisons' Execution Protocol Cases*, Case No. 19-mc-145 (TSC) (D.D.C. Nov. 20, 2019), plaintiffs have sued the Attorney General challenging the legality of the death penalty protocol. Purkey's execution was stayed pursuant to an Order in that case, but that stay has now been lifted. *See In re Fed. Bureau of Prisons' Execution Protocol Cases*, Case No. 19-5322. On June 19, 2020, Purkey and other inmates filed a motion for preliminary injunction seeking to stay their executions. *Id.* (ECF No. 102.) That motion remains pending.

On November 26, 2019, Mr. Purkey, by counsel, filed a Complaint against Attorney General Barr and BOP Director Sawyer in the District Court for the District of Columbia. *Purkey v. Barr, et al.,* Case 1:19-cv-03570-TSC (ECF No.1). In this lawsuit, Purkey seeks a stay of his execution under the Fifth, Sixth and Eighth Amendments, and the Administrative Procedure Act, on the basis that he is mentally incompetent. (*Id.*) His attorneys allege in that lawsuit that Purkey does not understand the basis for scheduling his execution because he suffers from "paranoia and delusions" regarding the scheduling of his execution. (ECF No. 1 ¶ 74.) Specifically, his attorneys claim that Purkey has "deep and sustained delusions" around what he believes to be a "campaign of retaliation towards him" by employees at the United States

Penitentiary – Terre Haute. (ECF No. 1 ¶ 84; *see also* ¶ 107 ("Mr. Purkey's ability to work with his present counsel has also been severely encumbered by his delusion-based belief that they are conspiring with prison officials to have him executed in retaliation for filing grievances and lawsuits challenging the conditions of death row.").)

On October 28, 2019, Purkey filed a Civil Complaint in this district challenging the manner in which his execution was scheduled. Specifically, Purkey alleges that he has been wrongly scheduled for execution earlier than other inmates on death. In Counts One and Two, Purkey alleges that his Fifth Amendment right to equal protection under the law has been violated because his execution date was set either for no legitimate reason, Compl. at 8-9, or because of his "jailhouse lawyering activities," *id*. at 9.[1] In Count Three, Purkey alleges that the scheduling of his execution date violated Title VII. *Id*. at 9-10.

Purkey's official capacity suit seeks equitable relief in the form of a declaratory judgment that the decision to schedule his execution violates the Constitution, and an injunction "ordering that the defendants provide 'all []records, documents, policies and/or other materials that they utilized in selecting Purkey for Execution . . . .'" (ECF No. 1 at 12.)

In a recent filing related to the pending for motion for preliminary injunction, Purkey's appointed attorneys reiterated that Mr. Purkey is incompetent and suffers from "a fixed and false belief that the government wants to execute him in retaliation for his legal advocacy." (ECF No. 62.)

---

[1] The opening paragraph of the Complaint includes general statements in which Purkey alleges violations of his First and Eighth Amendment rights. However, no First or Eighth Amendment claims are included in the Counts asserted against Defendants Barr and Sawyer.

## PRELIMINARY INJUNCTION STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation omitted). It is "never awarded as of right," *id*. at 690, and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted); *accord Davis v. Pension Benefit Guar. Corp*., 571 F.3d 1288, 1292 (D.C. Cir. 2009). The movant must satisfy a four-prong test, establishing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). The "most important factor" is whether the movant has "established a likelihood of success on the merits," *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). In the context of an Eighth Amendment method-of-execution challenge, the Supreme Court has held that an inmate's failure to establish a likelihood of success, alone, warrants denial of the inmate's motion to preliminarily enjoin his execution. *See Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015).

## ARGUMENT

## I.     PURKEY IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS CLAIMS.

The Defendants have filed a motion to dismiss Purkey's Complaint in its entirety, and incorporate their motions and supporting briefs herein by reference. (ECF Nos. 37-40.)[2]

---

[2] The Defendants construe Mr. Purkey's motion as being against the Defendants in their official capacities only. As a preliminary matter, it is well established that equitable relief, including injunctive relief, is not available against a federal officer or employee in his or her individual capacity. *See Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) ("[A] declaration that the policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future . . . can be obtained only from the defendants in their official capacities, not as private

Briefly, the Defendants have established the Court must dismiss Mr. Purkey's official capacity claims against Barr and Sawyer because Purkey cannot challenge his sentence, or the manner of carrying out his sentence, through this lawsuit. Purkey has challenged his death sentence through direct appeals and post-conviction filings. He already sought habeas relief under 28 U.S.C. § 2241, *see Purkey v. United States*, 2019 WL 6170069, at *12, which provides for a writ of habeas corpus addressing precisely the type of challenge Purkey asserts here—a challenge to the execution of a criminal sentence subsequent to a conviction that does not include the method of execution. *See Chavez v. Truesdale*, 36 F. App'x 859, 860 (7th Cir. 2002) (challenge to the execution of a sentence must be addressed as a habeas petition under § 2241); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (motion seeking relief concerning the execution but not the validity of a conviction and sentence "falls into the domain of § 2241"). Purkey already challenged his sentence under Section 2241, and filed a motion to stay his execution in that case, and both were denied. *Purkey v. United States*, No. 2:19-cv-00414-JPH-DLP, 2019 WL 6170069, at *12. Purkey has a pending appeal and a motion to stay his execution pending in the Seventh Circuit, and his claims will be appropriately addressed in that forum.

Purkey should not now be permitted to bring yet another collateral challenge to his sentence in a civil lawsuit. Accordingly, the Court must dismiss his official capacity claims and deny his motion for stay.

Further, any claim under the Administrative Procedure Act, 5 U.S.C. § 706, or "APA," is unavailing because setting execution dates for death row inmates who have exhausted their

---

individuals."). Thus, to the extent that Purkey's motion purports to seek injunctive relief against Defendants Barr and Hurwitz in their individual capacities, Purkey's request must be denied.

appellate and post-conviction process is committed to the Attorney General's discretion by law. *See* 5 U.S.C. § 701(a)(2) (APA review unavailable where "agency action is committed to agency discretion by law"). The Federal Death Penalty Act entrusts the Attorney General to carry out a lawful sentence of death, *see* 18 U.S.C. § 3596; *see also* 28 C.F.R. § 26.3 (DOJ regulation authorizing BOP Director to set the date, time, place for execution). And there is "no legal norms pursuant to which" this Court may "evaluate the challenged action, and [ ] no concrete limitations to impose on the agency's exercise of discretion." *Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002). Accordingly, this Court has no jurisdiction to review the Attorney General's decision to schedule Purkey's execution under the APA.

In the alternative, the Defendants have established in their motion to dismiss that the Court must dismiss Purkey's Complaint for failure to state a claim under the Fifth Amendment because Purkey has not alleged the burden of a fundamental right and because he does not plausibly allege that he is a member of a suspect or quasi-suspect class. (ECF No. 40.) Finally, Purkey has not stated a "class of one" claim or alleged that his execution has no rational basis. (ECF No. 40.) The rational basis is the fact of Mr. Purkey's conviction and death sentence. Again, Purkey should not be permitted to undermine the criminal proceedings through this lawsuit.

Finally, the Defendants have shown in their motions that Purkey cannot prevail on his Title VII claim. Indeed, in his Response Brief, Purkey's counsel does not address the Title VII claim and has therefore abandoned it. This is likely because counsel is well aware that Purkey is not a federal employee, nor does he assert an employment discrimination claim. Therefore, Title VII does not apply to his claims, and Count III of the Complaint must be dismissed. *See* 42 U.S.C. § 2000e-3 (prohibiting "an employer" from discriminating "against any of his

employees" for participating in "enforcement proceedings" under Subchapter VI). (*See* ECF No. 40.)

## II.   THE BALANCE OF HARMS WEIGHS AGAINST ENTRY OF A PRELIMINARY INJUNCTION

Because Purkey cannot establish a likelihood of success on the merits, this Court need not proceed further to consider the remaining preliminary injunction factors. "In ruling on a preliminary injunction a key issue—often the dispositive one—is whether the movant has shown a substantial likelihood of success on the merits." *Greater New Orleans Fair Hous. Action Ctr. v. United States Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1083 (D.C. Cir. 2011). Indeed in *Glossip v. Gross*, 135 S. Ct. 2726 (2015), the Supreme Court held that an inmate's failure to establish a likelihood of success on his method-of-execution challenge warrants denial of a motion for a preliminary injunction. 135 S. Ct. at 2737; *see also Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("[I]nmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits."). In fact, the Supreme Court has vacated preliminary injunctions issued by lower courts in method-of-execution cases where the lower court enjoined the execution "without finding that [the inmate] has a significant possibility of success on the merits." *Dunn v. McNabb*, 138 S. Ct. 369 (2017). And courts of appeals routinely require a showing of likelihood of success before issuance of a preliminary injunction. *See, e.g.*, *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1273 (11th Cir. 2014); *Rhoades v. Reinke*, 671 F.3d 856, 863 (9th Cir. 2011); *see also Miller v. Parker*, 910 F.3d 259, 261 (6th Cir.), *cert. denied*, 139 S. Ct. 399 (2018) ("in execution protocol challenges, likelihood of success is often the determinative factor") (citation omitted). Because Plaintiff has shown no likelihood of success on the merits of their claims, the Court should deny his motion for a preliminary injunction.

9

Should the Court proceed further, though, the equities tip against issuing an injunction. Through this case, Mr. Purkey is now plainly attempting to stop his execution by arguing – despite his sentence – that he was unfairly selected for execution. Purkey cannot dispute, however, the Government's overwhelming interest in the enforcement of the criminal sentences imposed by unanimous federal juries after fair trials and upheld through extensive appellate and post-conviction proceedings in federal courts. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1123 (2019); *see also Calderon v. Thompson*, 523 U.S. 538, 556 (1998) (explaining that once post-conviction proceedings "have run their course . . . finality acquires an added moral dimension"). "Only with an assurance of real finality can the [government] execute its moral judgment in a case," and "[o]nly with real finality can the victims of crime move forward knowing the moral judgment will be carried out." *Calderon*, 523 U.S. at 556. Unduly delaying executions can frustrate the death penalty by undermining its retributive and deterrent functions. *See Bucklew*, 139 S. Ct. at 1134; *id*. at 1144 (Breyer, J., dissenting).

Indeed, the Supreme Court has routinely denied stay-of-execution applications by other condemned inmates while their challenges to execution protocols were pending. *See Storey v. Lombardi*, 135 S. Ct. 1198 (2015) (denying stay-of-execution applications by Missouri inmates while challenges to Missouri's single-drug pentobarbital protocol were pending) and *Warner v. Gross*, 135 S. Ct. 824 (2015) (same, involving a challenge to Oklahoma's execution protocol). Plaintiffs have not (and indeed cannot) distinguish their challenge from those for which the Supreme Court has repeatedly refused to grant stays to permit an adjudication on the merits. For all these reasons, the balance of equities tip against granting a preliminary injunction.

## CONCLUSION

Based on the foregoing, the Court must deny Plaintiff's motion for preliminary injunction.

Respectfully submitted,

By:    *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020, the foregoing was filed electronically through ECF/CM. On this same date, a copy of the foregoing was served upon counsel of record through the Court's ECF/CM system.

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204