UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                         )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )        Case No. 2:19-cv-00517-JMS-DLP
                                          )
WILLIAM BARR, *et al.*                    )
                                          )
                    Defendants,           )
                                          )

**REPLY BRIEF IN SUPPORT OF OFFICIAL CAPACITY DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In his Complaint, the Plaintiff, Wesley Purkey, raised two claims against the official capacity Defendants, William Barr and Michael Carvajal[1]: a Fifth Amendment equal protection claim and a discrimination claim under Title VII of the Civil Rights Act. In his response to Defendants' motion to dismiss, Purkey does not provide a sufficient legal basis to allow these claims to proceed.

Mr. Purkey did not respond at all to Defendants' motion to dismiss the Title VII claim and has therefore forfeited it. As to his Fifth Amendment claim, Mr. Purkey has not sufficiently alleged an equal protection claim based on his perception that he is being retaliated against. Indeed, in a recent filing related to the pending motion for preliminary injunction, Purkey's appointed attorneys reiterated that Mr. Purkey's allegations are based on "a fixed and false belief that the government wants to execute him in retaliation for his legal advocacy." (ECF No. 62.) Even so, the official capacity Defendants have provided a conceivably rational basis for their

---

[1] Since the Complaint was filed, Michael Carvajal has replaced Kathleen Sawyer as the Director of the Federal Bureau of Prisons.

1

decision, which is all that is required under the Constitution.

Based on the foregoing, the Court must dismiss Purkey's official capacity claims for failure to state a claim upon which relief may be granted.

## I.   PURKEY FAILS TO STATE A CLAIM UNDER TITLE VII.

In his Response Brief, Purkey's counsel does not address the Title VII claim or respond to Defendants' motion to dismiss this claim, and has therefore forfeited it. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n. 1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument [in a motion to dismiss]-as the [plaintiffs] have done here-results in waiver.")). This is likely because counsel is well aware that Purkey is not a federal employee, nor does he assert an employment discrimination claim in his Complaint. Therefore, Title VII does not apply to his claims, and Count III of the Complaint must be dismissed with prejudice. *See* 42 U.S.C. § 2000e-3 (prohibiting "an employer" from discriminating "against any of his employees" for participating in "enforcement proceedings" under Subchapter VI). (*See* ECF No. 40.)

## II.   PURKEY HAS NOT STATED AN EQUAL PROTECTION CLAIM

The Court must also dismiss Purkey's Fifth Amendment claim for failure to state a claim upon which relief may be granted. In his Response Brief, Purkey concedes that the official capacity Defendants did not burden any fundamental right. (Pl.'s Resp. Br. at 16.) Purkey also concedes that Defendants "did not target a suspect class," nor is he a member of a suspect or quasi-suspect class. (Pl.'s Resp. Br. at 16.) The Response Brief focuses instead on the pleading standard, insisting that the Court must allow Purkey's Complaint to "proceed for additional discovery" merely because Purkey has alleged that he was retaliated against for jailhouse

lawyering.  But this argument skips over threshold components of Fifth Amendment jurisprudence, which ultimately doom the Complaint.

### A.   Purkey concedes that the official capacity Defendants are not burdening a fundamental right

In order to prevail on his Fifth Amendment claim, Purkey must first show that the Government has burdened a fundamental right.  As the Supreme Court has held, if Government action neither burdens a fundamental right nor targets a suspect or quasi-suspect class, the action should be upheld so long as it bears a rational relation to some legitimate end.  *See Heller v. Doe*, 509 U.S. 312, 319–320 (1993).

Here, Purkey agrees that the decision he is challenging in this case – the Attorney General's decision to set his execution date – does not burden a fundamental right or target a suspect class. (Pl.'s Resp. Br. at 16 ("Although Defendants did not burden a fundamental right or target a suspect class, governmental action still requires a rational basis.").)  Accordingly, the Government need only show that the stated reasons for its decision are a sufficient justification to survive rational basis review.  *Heller*, 509 U.S. at 320 ("[A] classification [neither involving fundamental rights nor proceeding along suspect lines] cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate government purpose."); *Turner v. Glickman*, 207 F.3d 419, 423-24 (7th Cir. 2000).

In attempting to show that the Government's decision has no rational basis, Purkey must meet a heavy burden.  Rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices."  *FCC v. Beach Comm., Inc.*, 508 U.S. 307, 313 (1993).  Rather, the Court must uphold the challenged decision if it serves some legitimate government purpose.  *Heller*, 509 U.S. at 320.  In order to show that the decision is irrational, a plaintiff must "'negative every conceivable basis which might support it,' . . . whether or not the basis has a

foundation in the record." *Id.* at 320–21 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

The official capacity Defendants have easily met that test here. Under 18 U.S.C. § 3591, federal courts have the authority to impose a sentence of death for certain crimes, and Mr. Purkey does not challenge the legality of his conviction or sentence in this case. The Federal Death Penalty Act then entrusts the Attorney General to carry out a lawful sentence of death, *see* 18 U.S.C. § 3596; *see also* 28 C.F.R. § 26.3 (DOJ regulation authorizing BOP Director to set the date, time, place for execution). The Attorney General has set the date, time and place of Mr. Purkey's execution pursuant to valid statutory and regulatory authority.

Moreover, all of the inmates selected by the Attorney General to be executed in late 2019 and early 2020 were convicted of murdering, and in some cases brutally torturing and raping, children and the elderly, which was an additional justification provided by the Attorney General for scheduling their executions. Press Release 19-807, Office of the Attorney General, U.S. Department of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019) ("OAG Press Release 19-807") (available at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse); *see also* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children. With respect to Purkey specifically, he raped and murdered a 16-year-old girl, and murdered an 80-year-old woman. Finally, all of the inmates scheduled for execution had exhausted their criminal appeals and post-conviction remedies at the time they were selected.

4

Based on the foregoing, the Court must find as a matter of law that the official capacity Defendants have a conceivable rational basis for the decision to schedule Mr. Purkey's execution date, and the Court must dismiss his Fifth Amendment equal protection claim.

### B.       Purkey's "class of one" claim also fails

Mr. Purkey's "class of one" equal protection claim fails for the same reasons. In his Response Brief, Purkey argues that the Court must accept as true his belief that he was selected for execution ahead of other death row inmates because he is a "jailhouse lawyer." Putting aside the fact that this conclusory allegation is insufficient to support an equal protection claim,[2] it still does not state a claim for relief under the Fifth Amendment. Even a "class of one" claim requires "that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) ("The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'") (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)). Accordingly, "even at the pleadings stage, '[a]ll it takes to defeat [a class-of-one] claim is a *conceivable* rational basis for the difference in treatment.' " *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) (quoting *D.B. ex rel. Kurtis B.*, 725 F.3d at 686 (emphasis added)). And prison classifications "will be upheld if any justification for them can be

---

[2] In a recent filing related to the pending for motion for preliminary injunction, Purkey's appointed attorneys reiterated that Mr. Purkey is incompetent and suffers from "a fixed and false belief that the government wants to execute him in retaliation for his legal advocacy." (ECF No. 62.) *See Ashcroft v. Iqbal,* 556 U.S. 662, 683 (2009) (pre-trial detainees failed to allege facts plausibly showing invidious discrimination on the basis of race, religious or national origin; the complaint did not "contain any factual allegation sufficient to plausibly suggest [government officials'] discriminatory state of mind").

conceived." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

As discussed above, the official capacity Defendants easily meet that standard here where Purkey was convicted of rape and murder, sentenced to death, and his convictions and sentence have been upheld on direct appeal and throughout his post-conviction petitions. These are all rational justifications for the decision being challenged in this case. It was also conceivably rational to schedule a date for Purkey's execution in order to, as the July 25, 2019 Press Release states, "[u]phold the rule of law" in accordance with a duty "owe[d] [ ] to the victims and their families to carry forward the sentence imposed by [the] justice system" *Id.* These are legitimate and rational purposes for the Government to carry out the sentence already imposed and upheld by the judicial branch. *See United States v. Turkette,* 452 U.S. 576, 586 n. 9 (1981) (recognizing states' sovereign power to punish criminal offenders); *Turner*, 207 F.3d at 425-26 (finding statute rationally based where intention was to deter drug use and welfare fraud).

Finally, one point which Purkey does not address, the Seventh Circuit has never recognized a class-of-one equal protection claim in the prison context, and has specifically rejected class-of-one equal protection claims that challenge exercises of prosecutorial discretion. *United States v. Moore*, 543 F.3d 891, 901 (7th Cir. 2008); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008); *Key v. Shannon*, No. 17-CV-521-JDP, 2019 WL 3238638, at *7 (W.D. Wis. July 18, 2019); *Northern v. Dobbert*, No. 16-CV-277-JDP, 2019 WL 4758206, at *8 (W.D. Wis. Sept. 30, 2019) ("[A] class-of-one claim in the prison context is not clearly established."); *Turner v. Brown*, No. 17-CV-764-JDP, 2019 WL 3431158, at *8 (W.D. Wis. July 30, 2019) (discussing absence of controlling legal authority stating that class-of-one equal protection claims can be raised in the prison context).

Based on the foregoing, the Court must dismiss Purkey's official capacity claims brought under the Fifth Amendment.

## CONCLUSION

Based on the foregoing, the Court must dismiss all of Plaintiff's claims against the Defendants William Barr and Michael Carvajal in their official capacities.

Respectfully submitted,

By:    *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, the foregoing was filed electronically through ECF/CM. On this same date, a copy of the foregoing was served electronically to all counsel of record through the Court's ECF/CM system.

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204

7