UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-00517-JMS-DLP |
| | ) | |
| WILLIAM BARR, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY IN SUPPORT OF
INDIVIDUAL CAPACITY DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................................................ iii

INTRODUCTION ........................................................................................................1

ARGUMENT ...............................................................................................................1

    I.       PURKEY'S *BIVENS* CLAIMS FAIL AS A MATTER OF LAW ......................1

          A.      Special Factors Foreclose Creation Of The *Bivens* Remedy Sought......2

          B.      Defendants Barr And Hurwitz Are Entitled To Qualified Immunity....4

    II.      THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BARR AND HURWITZ..........................................................7

CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................................................ 4, 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................................ 4, 5

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*
  403 U.S. 388 (1971) ................................................................................................................. 1

*Calder v. Jones,*
  465 U.S. 783 (1984) ................................................................................................................. 7

*Corr. Servs. Corp. v. Malesko,*
  534 U.S. 61 (2001) ................................................................................................................... 2

*Doe v. Meron,*
  929 F.3d 153 (4th Cir. 2019) .................................................................................................. 3

*Effex Capital, LLC v. Nat'l Futures Ass'n,*
  933 F.3d 882 (7th Cir. 2019) .................................................................................................. 3

*F.D.I.C. v. Meyer,*
  510 U.S. 471 (1994) ................................................................................................................. 2

*Green v. Carlson,*
  581 F.2d 669 (7th Cir. 1978) .................................................................................................. 7

*Haas v. Noordeloos,*
  792 F. App'x 405 (7th Cir. 2020) .......................................................................................... 3

*Hernandez v. Mesa,*
  137 S. Ct. 2003 (2017) ............................................................................................................. 3

*Holleman v. Zatecky,*
  951 F.3d 873 (7th Cir. 2020) .................................................................................................. 6

*King v. Fed. Bureau of Prisons,*
  415 F.3d 634 (7th Cir. 2005) .................................................................................................. 3

*Kohler v. Leslie Hindman, Inc.,*
  80 F.3d 1181 (7th Cir. 1996) .................................................................................................. 5

*Nafziger,*
  367 F. App'x 942 (10th Cir. 2010) ........................................................................................ 7

*Piggee v. Bell,*
  No. 2:19-CV-00601-JPH-DLP, 2020 WL 3078070 (S.D. Ind. June 10, 2020) .................... 3

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.,*
  338 F.3d 773 (7th Cir. 2003) .................................................................................................. 7

*Robinson v. McNeil Consumer Healthcare,*
  615 F.3d 861 (7th Cir. 2010) .................................................................................................. 5

*Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Illinois,*
  424 F.3d 659 (7th Cir. 2005) .................................................................................................. 6

*Rush v. Savchuk,*
  444 U.S. 320 (1980) ................................................................................................................. 7

*Smadi v. True,*
  783 F. App'x 633 (7th Cir. 2019) .......................................................................................... 3

*Vega v. United States,*
  881 F.3d 1146 (9th Cir. 2018) ................................................................................................ 3

*Walden v. Fiore,*
   571 U.S. 277 (2014) ........................................................................................................... 7, 8
*Winters-El v. Hawk,*
   85 F.3d 632 (7th Cir. 1996) ....................................................................................................7
*Woodruff v. Mason,*
   542 F.3d 545 (7th Cir. 2008) ..................................................................................................6
*Ziglar v. Abbasi,*
   137 S. Ct. 1843 (2017)............................................................................................................2

**Statutes**

28 U.S.C. § 1915A.................................................................................................................................3

## INTRODUCTION

In the Brief in Support of their Motion to Dismiss Plaintiff's Complaint ("MTD"), United States Attorney General William Barr and former Acting Director of the Federal Bureau of Prisons ("BOP") Hugh Hurwitz (collectively, the "Defendants"), showed that the Complaint filed by Plaintiff Wesley Purkey should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2). Purkey's Complaint fails to state a *Bivens*[1] claim against Defendant Barr or Defendant Hurwitz for any alleged violation of Purkey's rights under the First or Fifth Amendment, MTD at 6-23, or under Title VII of the Civil Rights Act of 1964, *id.* at 23. And Purkey has no claim for equitable relief against Defendants Barr and Hurwitz because such relief is unavailable against a federal official in his or her individual capacity. *Id.* Finally, Purkey has not pled facts sufficient to establish personal jurisdiction over Defendant Barr or Defendant Hurwitz. *Id.* at 4-6.

In his Response to Defendants' Motions to Dismiss ("Resp."), Purkey disclaims any individual capacity Fifth Amendment claim, Resp. at 16, and concedes he has no Title VII claim, *id.* at 2. Purkey does not contest that he cannot obtain equitable relief against the Defendants in their individual capacities. And with respect to the sole remaining claim for retaliation in violation of the First Amendment, Purkey offers no arguments sufficient to save that claim from dismissal.

## ARGUMENT

## I.     PURKEY'S *BIVENS* CLAIMS FAIL AS A MATTER OF LAW

As shown in the Motion to Dismiss, Counts One and Two of Purkey's Complaint should be dismissed for two independent reasons. First, there are special factors counseling hesitation, which preclude the Court from creating the *Bivens* remedy Purkey seeks in this unprecedented context. MTD at 6-15. Second, even if it were appropriate for the Court to create a nonstatutory damages

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),

remedy in this unique context, both of the defendants are entitled to qualified immunity. *Id.* at 15-23. Purkey's Response offers nothing that saves these claims.

### A.     Special Factors Foreclose Creation Of The *Bivens* Remedy Sought.

After acknowledging the two-part inquiry mandated by the Supreme Court for the determination of whether a *Bivens* remedy is appropriate, *see* Resp. at 8 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)), Purkey offers no substantive response to the Defendants' showing that no *Bivens* remedy should be recognized for his claims. Purkey does not dispute that his claims present a new context requiring a special factors inquiry. *See* MTD at 8-9. Nor does Purkey dispute the Defendants' argument that when that inquiry is performed, it is clear that there is no basis for recognizing the *Bivens* remedy Purkey seeks when: 1) he has sought (or can still potentially seek) appropriate relief through an "alternative, existing process;" and 2) the remedy sought implicates significant separation of powers concerns and presents significant difficulties in coming up with a workable cause of action. *Id.* at 9-15. Purkey's real complaint is against the United States for the recent policy decision to include him in the group of five death-eligible inmates to be executed as part of the resumption of capital punishment for federal crimes. As the Supreme Court recognized in *Abbasi*, a "*Bivens* action is not "a proper vehicle for altering an entity's policy." *Abbasi*, 137 S. Ct. at 1860 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001)); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Moreover, the injunctive and declaratory relief Purkey seeks is not available against individual capacity defendants in a *Bivens* action. MTD at 23.

Purkey's sole response to the presence of special factors barring his claims is the assertion that "a motion to dismiss is not the proper stage to determine whether a *Bivens* remedy is available." Resp. at 8-9. The Supreme Court has said otherwise. It is irrelevant whether "the question of

whether *Bivens* provides a vehicle to litigate First Amendment claims is unsettled in the Seventh Circuit." Resp. at 8 (citing *Haas v. Noordeloos*, 792 F. App'x 405, 406 (7th Cir. 2020); *Piggee v. Bell*, No. 2:19-CV-00601-JPH-DLP, 2020 WL 3078070, at *2 (S.D. Ind. June 10, 2020); *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 637 (7th Cir. 2005)). The Supreme Court has specifically held that the availability of a *Bivens* remedy must be considered before any other questions presented. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017). The cases cited by Purkey, all of which addressed complaints filed by prisoners where the claims therein were being considered at the mandatory screening stage (*i.e.*, before any adversarial briefing had occurred), *see* 28 U.S.C. § 1915A, do not state otherwise.

Purkey's reliance upon *Smadi v. True*, 783 F. App'x 633 (7th Cir. 2019), is misplaced. In *Smadi*, the Seventh Circuit remanded a pro se plaintiff's First Amendment claims because it could not "fully evaluate" the claims on the district court record. *Id.* at 634. After noting that "post-*Abbasi*, courts of appeals have foreclosed a *Bivens*-style damages remedy, but often after receiving counseled briefing on the matter," the court found that "the best approach is for the district court to recruit counsel for *Smadi* and receive adversarial briefs on the First Amendment claims." *Id.* (citations omitted). The "adversarial briefs" the Seventh Circuit called for were not, as Purkey appears to believe, *see* Resp. at 8-12, to address whether a First Amendment claim had been stated. Rather, the briefing was to address whether it was proper for the court, in the aftermath of *Abbasi*, to recognize a *Bivens* remedy for such a claim in the first instance. Hence the Seventh Circuit's citation to appellate decisions in which it was found that *Bivens* remedies were foreclosed. *See Effex Capital, LLC v. Nat'l Futures Ass'n*, 933 F.3d 882, 885 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 1122 (2020) (*Bivens* remedy foreclosed by Commodity Exchange Act); *Doe v. Meron*, 929 F.3d 153, 170 (4th Cir. 2019) (special factors barred First, Fourth, and Fifth Amendment claims); *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018) (declining to expand *Bivens* in light of available alternative remedies).

In this case, the court has appointed counsel for Purkey, *see* ECF No. 45, and counsel has

had the opportunity to file an adversarial brief addressing the Defendants' argument that a *Bivens* remedy should not be recognized for Purkey's claims, *see* ECF No. 56. Therefore, there is no reason this court should not proceed, as the Supreme Court directs and as the Seventh Circuit has recognized, with the threshold inquiry into whether a *Bivens* remedy is available for Purkey's claims. As shown in the Motion to Dismiss, and uncontested by Purkey, that threshold inquiry compels a finding that the Court should not create a new *Bivens* remedy for Purkey here.

**B.      Defendants Barr And Hurwitz Are Entitled To Qualified Immunity**

As shown in the Motion to Dismiss, *see* MTD at 16-20, Purkey's Complaint does not state a violation of Purkey's clearly established Fifth Amendment rights because his class-of-one equal protection claim against Defendants Barr and Hurwitz is not cognizable under Seventh Circuit law. Purkey offers no response to this argument other than to state that his equal protection claims are asserted against the Defendants in their official capacities. Resp. at 16. For these reasons, Purkey's Fifth Amendment *Bivens* claims should be dismissed.

Any First Amendment retaliation claim, to the extent pled, is also barred by qualified immunity because the Complaint does not "contain sufficient factual matter, accepted as true, to 'state a [retaliation] claim [ ] that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* MTD at 21-23. In their Motion to Dismiss, the Defendants showed that in a lawsuit in which Purkey seeks to be declared incompetent for execution, Purkey has admitted that the specific allegations of retaliation made in *this* lawsuit are the product of a "delusional understanding of his execution"—an understanding that Purkey has "consistently maintained . . . since he was provided with an execution warrant on July 25, 2019." *See Purkey v. Barr, et al.*, No. 1:19-cv-03570-TSC (D.D.C.), Dkt. No. 1 at ¶ 34. The "delusional understanding" is specifically identified as being Purkey's "honest and deeply entrenched belief" that "Attorney General Barr and the BOP [ ] developed a plot to kill him both as retaliation against him for

his previous litigation and to prevent him from future filings." *Id.* ¶ 33. Purkey specifically cites the Complaint filed in *this* matter and the factual assertions made therein as proof of the delusional nature of his belief that he is being executed for retaliatory reasons. *See id.* ¶ 34; *id.*, Exh. 15 at 993-1006.

In his Response, Purkey does not contest any of these facts. To the contrary, counsel for Purkey recently filed a Notice of Relevant Litigation in *this* matter in which counsel confirmed that the allegations of retaliation in this matter are a product of Purkey's delusional thinking. In the Notice, counsel states that a psychiatrist who evaluated Purkey in November 2019 concluded that Purkey "has a fixed and false belief that the government wants to execute him in retaliation for his legal advocacy." ECF. No. 62 at ¶ 2.

The statements made by Purkey's counsel on his behalf in the Notice of Relevant Litigation are judicial admissions that Purkey's allegations of retaliation in this suit have no merit. *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) ("A judicial admission is a statement, normally in a pleading, that negates a factual claim that the party making the statement might have made or considered making."). That conclusion is reinforced by the statements made in the action which seeks to block Purkey's execution on the grounds of incompetency, which are not judicial admissions for purposes of this matter but are further evidence that the allegations of retaliation in this matter lack merit. *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (citation omitted).

Accordingly, the allegations of retaliation contained in Purkey's Complaint should not be "accepted as true," *Iqbal*, 556 U.S. at 678, and his First Amendment claim should be dismissed.

Even if the allegations of retaliation are accepted as true, Purkey's retaliation claim fails. MTD at 22-23. A First Amendment retaliation claim requires a showing of "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Illinois,* 424 F.3d 659, 669 (7th Cir. 2005)).

Purkey asserts that he has made this showing by merely alleging that grievances and lawsuits he filed were "motivating factors" in his selection for execution. Resp. at 11-12. However, in the case Purkey cites as support for this proposition, there was clear evidence that the defendants took adverse action against the plaintiff based upon an improper motive—one defendant specifically admitted that the decision to transfer the plaintiff to another prison facility was motivated in part by the complaints the plaintiff had filed. *See Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) ("Zatecky plainly stated the reason for the transfer was Holleman's multiple grievances, complaints, and letters."). Moreover, notwithstanding the defendant's admission of a retaliatory motive, the Seventh Circuit found that the plaintiff had not overcome the "significant deference" owed to the non-retaliatory justification for the transfer. *Id.* at 880. As a result, the retaliation claim in *Holleman* was dismissed because the plaintiff could not establish the causation element. *Id.*

Here, there are no plausible allegations tying the scheduling of Purkey's execution date to his filing of grievances in prison. The only allegations Purkey offers to support his retaliation claim, *see* Compl. ¶¶ 11-17, are admitted to be products of his "delusional understanding of his execution." *See* ECF No. 62 at ¶ 2; D.D.C. Action, Dkt. No. 1 at ¶ 34. Even if they are credited with a presumption of truth, which they should not be, these allegations do not identify any conduct by Defendant Barr or Defendant Hurwitz, and do not establish a plausible causal link between Purkey's use of the prison grievance process and any actions taken by Barr or Hurwitz with respect to Purkey's execution date. Moreover, Purkey offers nothing in response to the Defendants' showing that there are legitimate and rational non-retaliatory purposes for the Government to carry out the death sentence that has been imposed and upheld by the judicial branch. *See* MTD at 17-19.

## II.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BARR AND HURWITZ

As the plaintiff in this matter, Purkey bears the burden of establishing that the Court has personal jurisdiction over Defendants Barr and Hurwitz. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Purkey has not met that burden. MTD at 4-6.

Contrary to Purkey's contention, Resp. at 6, the Defendants did not "target" the state of Indiana merely by selecting an execution date for a death row inmate in Indiana. This argument misreads *Calder v. Jones*, 465 U.S. 783 (1984). *See* Resp. at 5. The Supreme Court recognized in *Walden v. Fiore*, 571 U.S. 277 (2014), a much more recent decision that addressed personal jurisdiction over a *Bivens* defendant, that "[t]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. As the Court explained, the "crux of *Calder*" was that the effects of the defendants' alleged tortious actions connected the defendants to the forum state, "not just to the plaintiff." *Id.* at 287. The Court observed that the contrary approach, which shifts the analytical focus from a defendant's contacts with the forum to his or her contacts with the plaintiff, "impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Id.* at 289 (citations omitted). Thus the Court found in *Walden* that actions taken by the defendant in Georgia did not create sufficient contacts with Nevada simply because the defendant allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. *Id.* "Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). "It also obscures the reality that none of [the defendant's] challenged conduct had anything to do with Nevada itself." *Id.* [2]

---

[2] The cases Purkey cites as primary support for his personal jurisdiction argument–*Arocho v. Nafziger*, 367 F. App'x 942 (10th Cir. 2010); *Green v. Carlson*, 581 F.2d 669 (7th Cir. 1978), *aff'd*, 446 U.S. 14 (1980); *Winters-El v. Hawk*, 85 F.3d 632 (7th Cir. 1996)—all predate, and thus do not account for the effect of *Walden*.

Similarly here, any actions taken by Defendants Barr and Hurwitz outside of Indiana with respect to the setting of Purkey's execution date did not create sufficient minimum contacts with Indiana to support personal jurisdiction simply because Purkey, the object of those actions, has a connection to Indiana. The only link alleged between the Defendants and Indiana is Purkey. *Walden*, 571 U.S. at 285. And Purkey's execution date has nothing to do with Indiana itself. *Id.* at 289. Therefore, Purkey cannot establish personal jurisdiction over the Defendants in Indiana.

## CONCLUSION

For the reasons stated above and in the Defendants' Motion to Dismiss, Purkey's Complaint against Defendant Barr and Defendant Hurwitz should be dismissed for failure to state a claim and for lack of personal jurisdiction.

Dated: July 9, 2020


Respectfully Submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch
Civil Division

ANDREA W. MCCARTHY
Senior Trial Counsel

/s/ *Glenn S. Greene*
GLENN S. GREENE
(New York State Bar No. 2674448)
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4143
Fax: (202) 616-4314
Email: Glenn.Greene@usdoj.gov

Attorneys for Defendants William Barr and
Hugh Hurwitz in their individual capacities

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, the foregoing was filed electronically through ECF/CM.

On this same date, a copy of the foregoing was served upon the following by first class mail, pre-

paid, and properly addressed to:

Wesley I. Purkey
Inmate #14679-045
Terre Haute – USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, Indiana 47808

/s/ Glenn S. Greene
Glenn S. Greene
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4143
Fax: (202) 616-4314
Email: Glenn.Greene@usdoj.gov