UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00517-JMS-DLP |
| | ) | |
| WILLIAM BARR, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Rule 12(b)(2) Motion to Dismiss**

Plaintiff Wesley I. Purkey filed this civil rights action against defendants William Barr and Hugh Hurwitz in their individual and official capacities. Dkt. 1; dkt. 6. Kathleen Sawyer was later added as an official-capacity defendant. *See* dkt. 33. The complaint alleges, among other things, that Attorney General Barr and Mr. Hurwitz—formerly the Director of the Federal Bureau of Prisons—unlawfully selected him for execution in violation of the First and Fifth Amendments and the Administrative Procedures Act.

Attorney General Barr and Mr. Hurwitz have moved to dismiss the individual-capacity claims against them based on lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), and failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6). Dkt. 37. For the reasons below, the motion to dismiss pursuant to Rule 12(b)(2) is **denied**.

Indiana Courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Ind. R. Trial P. 4.4(A). This long-arm statute "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that a defendant have minimum contacts with the forum so that maintaining the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). The minimum contacts must be established by the purposeful acts of the defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Personal jurisdiction may be either "specific" or "general." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014).

Here, the Court has specific personal jurisdiction over Attorney General Barr and Mr. Hurwitz. Specific personal jurisdiction requires that "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). Specific jurisdiction requires only a minimum of contacts, but it requires that the controversy be related in some way to the defendant's contact with the forum. *Burger King*, 471 U.S. at 472.

Mr. Purkey alleges that Attorney General Barr and Mr. Hurwitz selected him, an inmate at the United States Penitentiary in Terre Haute, Indiana, for execution in Terre Haute. In doing so, they purposely directed their activities at the State of Indiana. Mr. Purkey's alleged injury—a potentially premature execution or the mental anguish resulting from the looming pendency of an execution date—would arise from the defendants' actions directed at the State of Indiana. And because of the defendants' actions directed toward the State of Indiana, exercising personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

Contrary to the defendants' argument, the Court does not exercise specific personal jurisdiction over them "simply because they are federal employees." Dkt. 38 at 13 (quotation marks omitted). Personal jurisdiction exists in Indiana because they ordered Mr. Purkey to be executed in Indiana.

Accordingly, the defendants' motion to dismiss pursuant to Rule 12(b)(2), is **denied**. The Court will resolve the defendants' other bases for dismissal in a separate order.

**IT IS SO ORDERED.**

Date: 7/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Glenn Greene
U.S. DEPARTMENT OF JUSTICE - CIVIL (Washington DC)
glenn.greene@usdoj.gov

Michelle M. Law
FEDERAL DEFENDER -- WESTERN DISTRICT OF MISSOURI
michelle_law@fd.org

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Rebecca Ellen Woodman
REBECCA E. WOODMAN, ATTORNEY AT LAW, L.C.
rewlaw@outlook.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov