# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 2:19-cv-00517-JMS-DLP |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM BARR, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MOTION TO STAY RULING ON MOTION TO DISMISS

Plaintiff, Wesley Purkey, by and through counsel undersigned, respectfully moves the Court to stay all further proceedings on the Defendants' motion to dismiss and any other matters in this case until the outcome of Mr. Purkey's pending proceedings in the D.C. District Court in *Purkey v. Barr*, *et al.*, No. 1:19-cv-03570 (TSC), on a complaint alleging that Mr. Purkey is incompetent to be executed and that carrying out his execution while he is incompetent would be unconstitutional under the Eighth Amendment and the Fifth Amendment's Due Process Clause. *See Ford v. Wainwright*, 477 U.S. 399 (1985); *Panetti v. Quarterman*, 551 U.S. 930 (2007); *Madison v. Alabama*, 139 S.Ct. 718 (2019). In support, the following is stated:

1. Mr. Purkey is represented on the merits of this action by *pro bono* counsel John Maley. Following Attorney General Barr's scheduling of an execution date of July 15, 2020 for Mr. Purkey, Mr. Maley filed a Notice with the Court that, by his own admission, he was not capital-qualified counsel and was therefore not qualified to represent Mr. Purkey on a motion for preliminary injunction in this case to stay his execution. Dkt. 53.

2. On July 2, Mr. Purkey filed a *pro se* motion for preliminary injunction with this Court, requesting that his execution be stayed pending the litigation in this case. Dkt. 52. On July 2, 2020, this Court issued an Order appointing undersigned counsel Rebecca E. Woodman and Michelle M. Law as capital-qualified counsel to represent Mr. Purkey for the limited purpose of litigating Mr. Purkey's motion for preliminary injunction. Dkt. 55.

3. On July 3, 2020, undersigned counsel filed a Notice of Relevant Pending Litigation, advising the Court of the pending litigation in *Purkey v. Barr, et al.*, No. 1:19-cv-03570 (TSC) which alleges that Mr. Purkey is incompetent to be executed, and attaching the report of Dr. Bhushan Agharkar, a psychiatrist who evaluated Mr. Purkey on November 8, 2019 for his competency to be executed and competency to work with counsel. Dr. Agharkar concluded in a written report dated November 19, 2019, that Mr. Purkey lacks a rational understanding of the basis for his execution and is therefore incompetent based upon Dr. Agharkar's

contemporaneous evaluation, his observations of Mr. Purkey's behavior and mental status, and his review of the records. *See* Dkt. 55, Ex. 1.

4. On July 9, 2020, this Court held a scheduled telephonic status hearing on this case. At that hearing, counsel Ms. Woodman, pursuant to her limited appointment, advised the Court that counsel could not argue the merits of the motion for preliminary injunction on Mr. Purkey's behalf in light of the pending litigation pertaining to Mr. Purkey's incompetency to be executed, and requested that the Court stay consideration of the motion for preliminary injunction pending the outcome of Mr. Purkey's pending *Ford* litigation. After hearing argument from the parties, the Court found that further proceedings on the motion for preliminary injunction should be stayed pending the outcome of the pending *Ford* litigation and any further order from the Court. However, when asked by the Court, Mr. Maley asserted that further proceedings on the Defendant's motions to dismiss should proceed forward because that is what Mr. Purkey wanted.

5. For the same reason that this Court stayed further proceedings on the motion for preliminary injunction, and the Court should reconsider its decision to proceed forward on the merits portion of this case and stay further proceedings pending the outcome of the pending *Ford* litigation.

6. Throughout their pleadings related to the motion to dismiss and *pro se* motion for preliminary injunction, Defendants have cited to the pending *Ford*

litigation and extensively quoted from the *Ford* pleadings that Mr. Purkey does not have a rational understanding of why the government plans to execute him, and that his claims in this lawsuit are evidence of his incompetency. *See* Dkt. 38 at 28 ("In a pending lawsuit . . . in which Purkey seeks a judgment declaring him incompetent to be executed, Purkey admits that the specific allegations of retaliation made in *this* lawsuit are the product of a 'delusional understanding of his execution' – an understanding that Purkey has 'consistently maintained . . . since he was provided with an execution warrant on July 25, 2019.' *See Purkey v. Barr, et al.*, No. 1:19-CV-03570-TSC (D.D.C.), Dkt. 1 at ¶ 34"); Dkt. 67 at 4 ("On November 26, 2019, Mr. Purkey, by counsel, filed a Complaint against Attorney General Barr and BOP Director Sawyer in the District Court for the District of Columbia . . . on the basis that he is mentally incompetent . . . Specifically, his attorneys claim that Purkey has 'deep and sustained delusions' around what he believes to be a 'campaign of retaliation towards him' by employees at the United States Penitentiary – Terre Haute (ECF No. 1 ¶ 84; *see also* ¶ 107 ('Mr. Purkey's ability to work with his present counsel has also been severely encumbered by his delusion-based belief that they are conspiring with prison officials to have him executed in retaliation for filing grievances and lawsuits challenging the conditions of death row.'")); Dkt. 69 ("In a recent filing related to the pending [sic] motion for preliminary injunction, Purkey's appointed attorneys reiterated that Mr. Purkey is

incompetent and suffers from a 'fixed and false belief that the government wants to execute him in retaliation for his legal advocacy.' (ECF No. 62.)"

7. Under these circumstances, counsel for Mr. Purkey have an ethical duty to act in Mr. Purkey's best interests. *See* Indiana Rules of Professional Conduct, Rule 1.14 (Client with Diminished Capacity) (discussing counsel's duty to take protective action in client's best interests); *see also* American Bar Association, *Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, § 10.15.1 ("Duties of Post-Conviction Counsel"), comm. (2003) (discussing counsel's responsibility to monitor client's mental status in light of *Ford* and *Panetti*). Counsel for Mr. Purkey, including Mr. Maley, cannot advance the merits of this litigation consistent with their responsibility to act in Mr. Purkey's best interests in light of his pending *Ford* litigation, and it would be inappropriate to proceed further in this case until the outcome of that litigation is determined.

8. By his own admission, Mr. Maley is not capital-qualified counsel, and, understandably so, did not have the knowledge or understanding of the constitutional underpinnings of *Ford* and *Panetti* and the intersection between incompetency and death penalty litigation. Undersigned counsel has consulted with Mr. Maley, who has consented to the filing of this motion and does not oppose the motion.

WHEREFORE, counsel respectfully requests this Court to reconsider its ruling to proceed on the motions to dismiss this action and stay further proceedings until resolution of Mr. Purkey's *Ford* litigation in the United States District Court for the District of Columbia.

Respectfully submitted,

/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, the foregoing Notice was filed electronically with the Clerk of the Court via CM/ECF to be served on the parties authorized to be noticed.

/s/Rebecca E. Woodman