UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY I. PURKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-00517-JMS-DLP |
| | ) |
| WILLIAM BARR, *et al.* | ) |
| | ) |
| Defendants, | ) |
| | ) |

**RESPONSE TO MOTION TO STAY**

The official capacity Defendants, William Barr and Michael Carvajal, respectfully respond to the Motion to Stay (ECF No. 76) and request that the Court deny the Motion.

Counsel for the Plaintiff in the Preliminary Injunction Matter ("Federal Defenders") have filed a motion asking the Court to reconsider its Order dated July 9, 2020 (ECF No. 71) and stay all proceedings in this case, including any ruling on the Defendants' motions to dismiss.

The Defendants have moved to dismiss the Complaint under Rule 12 of the Federal Rules of Civil Procedure, which the Court may decide as a matter of law. The Motions to Dismiss have been fully briefed, and Mr. Purkey is ably represented by counsel John Maley with respect to those proceedings. As discussed during the recent status conference, there is no reason why the Court cannot rule on the outstanding motions.

The Federal Defenders suggest that the Court should stay all proceedings based on their representation that Mr. Purkey lacks competency. The Defendants take no position in this case, however, regarding competency, and it is not relevant to the pending motions. In their Rule 12 Motions, Defendants pointed out statements made by Mr. Purkey's counsel in public filings with respect to his allegations in this case, which the Court may properly consider under Rule 12 in

assessing the plausibility of Mr. Purkey's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding the complaint's allegations "must be enough to raise a right to relief above the speculative level."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (the plaintiff must "present a story that holds together.").

In applying *Iqbal*, the Seventh Circuit has explained that "the height of the pleading requirement is relative to circumstances." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). A stringent pleading standard in a bizarre conspiracy case like Purkey's is necessary, the Seventh Circuit has explained, in part to prevent "defendants in such a case [from] becom[ing] entangled in discovery proceedings," particularly where conspiracy allegations are broad and conclusory. *See id.* at 971. And "[e]ven before the Supreme Court's new pleading rule, . . . conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Id.*

Moreover, even construing the allegations in Mr. Purkey's Complaint as true and plausible, he still fails to state a legal claim against the Defendants. Accordingly, there is no basis to stay the disposition of his civil claims in this case.

Respectfully submitted,

By: *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, the foregoing was filed electronically through ECF/CM. On this same date, a copy of the foregoing was served electronically to all counsel of record through the Court's ECF/CM system.

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204