**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

|  |  |
|---|---|
| WESLEY IRA PURKEY, | ) |
| Petitioner, | ) No. 2:19-cv-00517-JMS-DLP |
| v. | ) SCHEDULED FOR EXECUTION |
| WILLIAM BARR, *et al.*, | ) **July 15, 2020 at 4:00 p.m.** |
| Respondents. | ) |

**MR. WESLEY PURKEY'S MOTION TO PRESERVE THIS COURT'S JURISDICTION**
**AND TO STAY EXECUTION OF WESLEY PURKEY PENDING**
**FINAL DISPOSITION ON THE MERITS**

Petitioner Wesley Ira Purkey ("Petitioner" or "Mr. Purkey") hereby moves this Court to stay Mr. Purkey's execution, presently scheduled for July 15, 2020, in order to preserve its habeas corpus jurisdiction in this matter under 28 U.S.C. § 2241, should the government succeed in forcing Mr. Purkey to litigate his incompetency claim pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986), as a habeas corpus claim before this Court, rather than a civil rights claim in federal district court in Washington, D.C., where his case has been pending since November 2019.

This motion is necessary because, although Mr. Purkey has a *Ford* incompetency claim currently pending in *Purkey v. Barr, et al.*, No. 1:19-cv-03570 (TSC) (D.D.C.), and although that claim is supported by substantial evidence of his incompetency, and although the government still has not provided Mr. Purkey with his medical and other important records despite repeated requests, and although there is currently a global pandemic that has posed substantial obstacles to the litigation of any claim involving prisoners, on June 15, 2020, the government scheduled Mr.

Purkey's execution warrant with only 30 days' notice. In the civil rights matter, Mr. Purkey has moved the D.C. District Court for an injunction of the scheduled execution in order to ensure he receives (a) a fair hearing on the issue of his competency to be executed; (b) a determination of Mr. Purkey's competency *vel non* to be executed; and (c) the completion of expedited discovery in advance of a *Ford* hearing to which he is entitled based on his substantial threshold showing of incompetency. That motion has been fully briefed and remains pending.

Mr. Purkey has consistently maintained and continues to maintain that his *Ford* claim is a civil rights claim that is not required to be brought in habeas because he challenges only his *current* incompetency to be executed—not the conviction or sentence itself. Mr. Purkey chose to bring a direct civil rights action in the District of Columbia to litigate his *Ford* competency and due process claims because the ultimate decisionmakers regarding the execution of Mr. Purkey specifically—U.S. Attorney General Barr and Bureau of Prisons (BOP) Director Carvajal—are located in that district, and thus are unequivocally subject to jurisdiction there, and because the civil discovery process available in a civil rights action is most likely to overcome the government's stonewalling as to information relevant to his *Ford* claims. That stonewalling includes failing to provide Mr. Purkey with any federal *Ford* procedures and attempting to execute Mr. Purkey—who has already made a substantial threshold showing of incompetency— without a *Ford* hearing or process of any kind.

However, Defendants in that case, the U.S. Attorney General and BOP Director, have repeatedly disputed the D.C. District Court's jurisdiction over Mr. Purkey's *Ford* incompetency claim (though never that court's jurisdiction over them) and seek to either dismiss the case or transfer the case to the Southern District of Indiana. They have further argued that Mr. Purkey's

*Ford* incompetency claim is a "core habeas" claim that can only be brought through a 28 U.S.C. § 2241 habeas corpus petition. The Defendants' motion to dismiss or transfer remains pending.

Should it be determined by the D.C. District Court or on appellate review that the D.C. District Court does not have jurisdiction to hear Mr. Purkey's *Ford* incompetency claim, the U.S. Attorney General and BOP Director have conceded in that case that this Court would be the proper forum to hear Mr. Purkey's *Ford* claim, and Mr. Purkey will immediately file a § 2241 habeas petition and a Notice of Related case in this Court based on the related issues in *Purkey v. Barr, et al.*, No. 2:19-cv-00517-JMS-DLP. In such an event, this Court would be the first to hear the claim on the merits, but there is obviously not enough time to do so before a July 15, 2020 scheduled execution. Thus, to diligently protect Mr. Purkey's Fifth and Eighth Amendment rights and to ensure the Court can preserve its jurisdiction to provide full and fair review and a merits adjudication of Mr. Purkey's *Ford* incompetency claim, and given that Mr. Purkey is indisputably entitled to have a federal court consider his incompetency claim on the merits based on his substantial threshold showing of incompetency (*see Panetti v. Quarterman*, 551 U.S. 930 (2007)), Mr. Purkey files this motion and seeks a stay of his execution from this Court. Mr. Purkey's right to a *Ford* hearing and to due and proper process should never avoid merits adjudication by a federal court with jurisdiction over those issues simply because the government is in a rush to execute.

WHEREFORE, on the basis of this motion and any further argument or evidence presented in support hereof, Mr. Purkey respectfully requests that the Court grant this motion and stay his execution presently scheduled for July 15, 2020 to preserve its jurisdiction and to ensure that Mr. Purkey receives fair process on the issue of his competency to be executed, including a hearing and opportunity to obtain and examine relevant evidence in advance of such a hearing,

and a determination on the merits on the issue of his competency to be executed, and award such

other and further relief as the Court deems just and proper. A proposed Order is attached hereto.

DATED: July 14, 2020

Respectfully Submitted,

*/s/Rebecca E. Woodman*
Rebecca E. Woodman (Court appointed)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

*/s/Michelle M. Law*
Michelle M. Law, MO Bar No. 45487
(Court appointed) (*pro hac vice*)
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org

Charles F.B. McAleer, Jr. (DC Bar #388681) (*pro hac vice* motion to be filed)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5963
Email: CMcAleer@milchev.com

Brian Fleming (DC Bar #974889) (*pro hac vice* motion to be filed)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5871
Email: bfleming@milchev.com

***Counsel for Petitioner***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 14th day of July, 2020, I caused Petitioner's Motion to Preserve this Court's Jurisdiction and to Stay Execution of Wesley Purkey Pending Final Disposition on the Merits to be filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being served electronically via CM/ECF.

<u>/s/Rebecca E. Woodman</u>
Rebecca E. Woodman (Court appointed)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

**Counsel for Petitioner**