UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WESLEY I. PURKEY,                          )
                                           )
                    Plaintiff,             )
                                           )
         v.                                )        No. 2:19-cv-00517-JMS-DLP
                                           )
WILLIAM BARR, et al.                       )
                                           )
                    Defendants.            )

**ORDER DISMISSING ACTION AS MOOT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Wesley Purkey brought this civil rights action to litigate claims regarding the selection of his execution date. On July 15, 2020, the Court granted the defendants' motion to dismiss as to all claims for damages. Dkt. [84]. Mr. Purkey was executed the following day. As a result, the injunctive relief Mr. Purkey sought through his remaining claim is no longer available.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). Following Mr. Purkey's death, this action is moot.

A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Therefore, this action **dismissed with prejudice** for **lack of jurisdiction**. The **clerk is directed** to enter **final judgment** consistent with this Order and the Orders of November 12, 2019 (dkt. [6]), and July 15, 2020 (dkt. [84]). The telephonic status conference discussed at dkt. [87] is **vacated** as to this action.

**IT IS SO ORDERED.**

Date: 8/19/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Glenn Greene
U.S. DEPARTMENT OF JUSTICE - CIVIL (Washington DC)
glenn.greene@usdoj.gov

Michelle M. Law
FEDERAL DEFENDER -- WESTERN DISTRICT OF MISSOURI
michelle_law@fd.org

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Rebecca Ellen Woodman
REBECCA E. WOODMAN, ATTORNEY AT LAW, L.C.
rewlaw@outlook.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov